## JEROME v. TWENTIETH CENTURY–FOX FILM CORPORATION.

District Court, S. D. New York.
Oct. 2, 1946.

See also 7 F.R.D. 190, 71 F.Supp. 916.

O'Brien, Driscoll & Rafferty, of New York City (Arthur F. Driscoll, Milton M. Rosenbloom, and Everett Birch, all of New York City, of counsel), for plaintiff.

Edwin P. Kilroe, of New York City (Edwin P. Kilroe and Julian T. Abeles, both of New York City, of counsel), for defendant.

Sidney Wm. Wattenberg, of New York City, for Music Publishers Protective Ass'n, Inc. amicus curiæ.

John Schulman and William Klein, II, both of New York City, for Songwriters Protective Ass'n, amicus curiæ.

Leo J. Rosett and Alfred Beekman, both of New York City, for Shapiro, Bernstein & Co., Inc., amicus curiæ.

LEIBELL, District Judge.

An application has been submitted by defendant for an allowance of attorney's fees of $30,000, under § 40 of the Copyright Law, 17 U.S.C.A. § 40. This suit for a copyright infringement was tried before me for three days in February 1946. A number of depositions had been taken before the trial. After briefs and proposed findings were submitted and on July 25, 1946, I filed my opinion, findings of fact and conclusions of law, and dismissed the complaint on the merits. 67 F.Supp. 736. In my opinion I passed upon certain novel special defenses and decided the questions thus presented contrary to the defendant's contentions.

It was apparent during the trial that this litigation had developed a very bitter feeling between opposing counsel. The examinations before trial had included everyone who had had anything to do with this matter, even the attorneys.

The plaintiff is a woman of advanced years who contracted to license the defendant to use her musical composition "Sweet Rosie O'Grady" in a motion picture of that name for the sum of $5,000, of which her publishers, Mills Music Corp., were to get half. The agreement was made in January 1943. The picture was exhibited in October 1943 and grossed almost $3,000,000.

For one reason or another questions arose that resulted in defendant's postponing or refusing to pay her the agreed sum. Finally her attorney brought this suit for infringement. A lot of feuding could have been avoided if a more generous and less technical attitude had been taken by the defendant. Under the circumstances, I can very well understand how plaintiff was driven to some litigation, although the theory of this action for infringement was not supported by the proof.

I believe that it would be unfair to make plaintiff carry the burden of defendant's attorneys' fees, even in an amount that could be considered not excessive. A trial court in considering applications for an allowance of attorney's fees to the successful party in a copyright infringement case exercises a sound discretion, considering all the facts peculiar to the case at bar. See authorities cited under § 40 of 17 U.S.C.A. In the exercise of such discretion I deny the application of defendant for the allowance of an attorney's fee as part of defendant's costs.

A judgment dismissing the complaint on the merits and allowing defendant $212.32 for its costs as taxed, with no allowance for attorney's fees, has been approved and is being filed herewith.