## SHOE FORM CO., Inc., v. IRWIN CORPORATION.

District Court, S. D. New York.
Oct. 22, 1946.

Holland & Armstrong, of New York City, (Norman N. Holland, Frederick L. Edmands, and Dudley W. King, all of New York City, of counsel), for plaintiff.

Bernard Kovner, of New York City, (W. Lee Helms, of New York City, of counsel), for defendant.

RIFKIND, District Judge.

The complaint alleges infringement by the defendant of plaintiff's design patent and seeks an injunction and a judgment for damages and profits.

The case was tried to the court. The patent in issue is Des. 106968 "Design for a Box or similar article". The single claim reads, "I claim: The ornamental design for a box or similar article substantially as shown."

Fig. 1.

Fig. 2.

Fig. 2 is a section on the line 2—2 of Fig. 1.

The file wrapper shows a filing date of March 20, 1937. The first Patent Office action was taken on April 10, 1937. It rejected the claim on the ground of failure to show anything of patentable design *novelty* over the art shown in the cited references, to wit, Fuchs Des. 20,954, issued July 21, 1891; Fletcher Des. 25,576, issued June 2, 1896; Feder Des. 28,141, issued Jan. 11, 1898.

The applicant replied, under date of October 6, 1937. I quote his answer, in part, as follows:

"The rejection is believed to be quite unwarranted and is apparently attributable to the fact that the Examiner has failed to appreciate that the applicant's box is made of a transparent material. Before, however, referring specifically to that fact, it should be noted that the Fuchs patent shows a design simulating a box secured with string crossing around it transversely and longitudinally in the usual manner. No one can possibly say that applicant's design has the visual appearance of Fuchs or gives the suggestion of the Fuchs patent * * *.

"But the vital distinction between applicant's design and the references results from the fact that while the latter are made of opaque material, applicant's box as shown by the drawing and particularly Fig. 2 is made of a transparent material and provided with three transversely extending partitions and a central longitudinal partition. * * * In short, the design is dependent for its distinctive visual appearance upon the inside of the box as well as upon its outside, for to the eye of the observer the whole box is visible.

"If the Examiner is of opinion that the drawing does not adequately show the design as above described, a substitute will be filed or, if requested, a specimen will be submitted."

The claim was never amended by limitation to transparent material. However, on October 23, 1937, the Patent Office wrote that "Upon further consideration it is now believed that the design presents patentable novelty over the references of record."

In the usual manner, the applicant having requested a three and a half year term, he was advised that if he desired the patent to issue for a longer term, that is, seven or fourteen years, he must then advise the office to that effect within thirty days. Within the time prescribed the applicant requested an amendment for an extended term to a period of fourteen years.

Not much time need be spent on the question of infringement. By the standards established in Gorham Mfg. Co. v. White, 1871, 14 Wall. 511, 527, 20 L.Ed. 731; Geo. Borgfeldt & Co. v. Weiss, 2 Cir.1920, 265 F. 268 and Graff, Washbourne & Dunn v. Webster, 2 Cir.1912, 195 F. 522, 524, the defendant has infringed. Its box is a colorable imitation.

There are differences: the ribs are on top and bottom only and not on the upright sides; the number of longitudinal and transverse ribs is greater. The visual effect is the same.

The real issue is validity. Visual inspection of the drawing and of the exemplification compels the summary answer that it contains nothing of novelty or of originality. Res ipsa loquitur.

The exemplification shows a box made of transparent plastic; its dimensions show a base of 6 inches long by 3½ inches wide and about 1 inch high. It is fitted with a hinged cover, which is flanged and nested over the upright sides of the box to a depth of about ¼ inch. The corners are rounded. The surface is crossed by one longitudinal and three transverse ribs dividing it into eight rectangles of approximately equal size. Each of these ribs continues from the surface to encircle the box, so that the bottom presents an appearance similar to the top or cover. The interior is divided into eight compartments by transparent partitions whose edges nest into the grooves of the sides, top and bottom formed by the ribs.

What in this design is "new" and "original"? 35 U.S.C.A. § 73.

Surely not the design of the article commonly called a box, nor of the proportions of 6 x 3½ x 1, nor of a covered box, nor of such a box with rounded covers. I should suppose that not even the traditions of the patent law require the citation of references for such commonplace features. There remains for consideration only the rib design and the element of transparency. These I shall take up in turn. Before doing so, I interpolate that I am aware of the rule stated in Ashley v. Weeks-Numan Co., 2 Cir.1915, 220 F. 899, 902, "That the fact that each separate element in a patented design was old does not negative invention, which may reside in the manner in which they are assembled, since it is the design as a whole, and the impression it makes on the eye, which must be considered".

620

Nevertheless, analysis must proceed by the treatment of the elements composing a design before it is applied to the tout ensemble. Certainly there is nothing new in the use of ribs extruded or molded out of the structural material to give the effect of compartmentalization. The references cited by the examiner were not presented at the trial. However, such use of ribs is shown by Kronenberger, 1,876,063, September 6, 1932; Cooley, 1,086,894, February 10, 1914; Clay, 1,668,230, May 1, 1928.

As to the nature of the material used in fabricating the box it should be noted that the language of the claim says nothing about transparency. The drawing shows transparent partitions; but; according to the expert draftsman produced by the plaintiff, the drawing does not disclose whether a transparent box is intended. Granting, however, that plaintiff is right, that the patent is limited to transparent material, that is not a distinction which takes it out of the prior art. In recent years there has been a vast increase in the number of new materials available for fabrication. It would open a wide field for design patent monopolies if the imposition of old designs upon these new materials would warrant the issue of design patents. I assume that the shape and design of the common brick is in the public domain even if it be applied to material newly invented.

Even if I take all the elements together, material, proportion, rounded corners, compartmented interior, ribbed surfaces, nested cover, I still fail to perceive whatever of novelty or originality. To suggest that it meets the standard of "exceptional talent beyond the skill of the ordinary designer", Neufeld-Furst & Co. v. Jay-Day Frocks, Inc., 2 Cir.1940, 112 F.2d 715, 716; Nat Lewis Purses, Inc. v. Carole Bags, Inc., 2 Cir.1936, 83 F.2d 475, is on its face preposterous. I am unable to comprehend the passing of this claim by the Patent Office except on the theory that that office and the courts are presently engaged in enforcing quite different systems of Patent Law.

Finally, we have the plaintiff's evidence of commercial success. As has been frequently said, such evidence will sustain a doubtful patent; it will not make valid a hopeless one. Hookless Fastener Co. v. H. L. Rogers Co., 2 Cir.1928, 28 F.2d 814; Slayter & Co. v. Stebbins-Anderson Co., 4 Cir.1941, 117 F.2d 848.

Defendant also advances the point that the design patent must fail because indistinguishable from the article patent 2,125,-856, issued to the same inventor August 2, 1938, for an improvement in boxes. In view of what has been said it is unnecessary to decide that question.

A decree will be entered for the defendant.