## LINCOLN ELECTRIC CO. v. LINDE AIR PRODUCTS CO.

### Civ. A. No. 23448.

District Court, N. D. Ohio, E. D.

Oct. 3, 1947.

294

See also D.C., 7 F.R.D. 67.

Ashley M. Van Duzer (of McKeehan, Merrick, Arter & Stewart), and John F. Oberlin (of Oberlin & Limbach), all of Cleveland, Ohio, for plaintiff.

H. J. Crawford and P. L. Holden (of Squire, Sanders & Dempsey), all of Cleveland, Ohio, Cahill, Gordon, Zachry & Reindell, of New York City, and Richard, Russell & Wolfe, of Chicago, Ill., for defendant.

WILKIN, District Judge.

■ This cause came on for hearing on the motion of the defendant for an allowance of attorneys' fees, a proposed order and judgment, and the objections thereto. The request for attorneys' fees is based on a recent enactment of Congress, 35 U.S.C.A. § 70. The statute was passed after the present action had been instituted, but it would be applicable to the present case if the circumstances warranted the allowance requested. It is apparent from the wording of the statute and its history that an award of attorneys' fees should not be made in an ordinary case. The court is invested with discretionary power where it is necessary to prevent gross injustice. The case at bar presents a situation which is not unusual in patent matters. This court finds no special circumstances of gross injustice. The judgment in favor of the defendant was based upon the decisions by the Supreme Court which are comparatively recent. The full significance of such decisions and the extent of their applicability has not been accurately determined. This court does not consider that the action by the plaintiff was absolutely unwarranted or unreasonable. Since the award asked by the defendant is contrary to long established practice, a clear showing of the conditions indicated in the statute must be made to entitle the applicant to the relief sought. The circumstances and conditions surrounding the parties in this litigation do not warrant an award of attorneys' fees to the prevailing party. The motion is therefore overruled.

■ As to the points advanced by the plaintiff in its supplemental memorandum, the court still feels that there is no need of findings of fact. The court did consider the plaintiff's motion to amend its bill of particulars and considered it unnecessary to rule on that motion in view of the conclusion reached that the complaint should be dismissed on defendant's motion. But since the court did consider the proposed amendment, the motion of plaintiff for leave to file an amendment to its bill of particulars may be granted as of a date prior to the order dismissing the complaint.

The case will then be disposed of by the following entry: "Ordered, adjudged and decreed that defendant's motion for summary judgment be and the same is hereby granted and that the complaint herein be dismissed on the merits."