## NATIONAL BRASS CO. v. MICHIGAN HARDWARE CO.
### Civ. No. 791.

District Court, W. D. Michigan, S. D.
Jan. 7, 1948.

.Frank E. Liverance, Jr., Grand Rapids, Mich., for plaintiff.

Edmond M. Bartholow, of New Haven, Conn., and Wm. Cyrus Rice of Grand Rapids, Mich., for defendant.

STARR, District Judge.

This is a patent case in which the defendant was the prevailing party. National Brass Co. v. Michigan Hardware Co., D.C., 71 F.Supp. 980. Subsequent to the entry of judgment defendant filed motion for the allowance of attorneys' fees in the amount of $1,960. This motion is based upon the provisions of section 4921, Revised Statutes, as amended August 1, 1946, 35 U.S. C.A. § 70. The amendment, after providing for the allowance of damages and costs as may be fixed by the court, states: "The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case."

Although enacted after the present suit was begun, this amendment is applicable to the question presented by defendant's motion for an allowance of attorneys' fees. The only case called to the court's attention in which the above-quoted amendment has been considered is Lincoln Electric Co. v. Linde Air Products Co., D.C., N.D.Ohio, 74 F.Supp. 293, 294. In that suit, which was for patent infringement, the defendant as the prevailing party moved for an allowance of attorneys' fees. In denying this motion the court said: "It is apparent from the wording of the statute and its history that an award of attorneys' fees should not be made in an ordinary case. The court is invested with discretionary power where it is necessary to prevent gross injustice. The case at bar presents a situation which is not unusual in patent matters. This court finds no special circumstances of gross injustice. * * * This court does not consider that the action by the plaintiff was absolutely unwarranted or unreasonable. Since the award asked by the defendant is contrary to long established practice, a clear showing of the conditions indicated in the statute must be made to entitle the applicant to the relief sought. The circumstances and conditions surrounding the parties in this litigation do not warrant an award of attorneys' fees to the prevailing party. The motion is therefore overruled."

In construing the amendment relating to the award of attorneys' fees in patent cases, the court may well consider the judicial construction placed upon a substantially similar statute relating to attorneys' fees in copyright cases. That statute, 17 U.S.C.A. § 40, after providing for the allowance of full costs, states: "In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

142

■ A comparison of these two statutes clearly shows that while the language is not identical, they are similar in effect and legal import. The copyright statute provides that the court "may award to the prevailing party a reasonable attorney's fee as part of the costs" while the patent statute under consideration provides that the court "may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment." In construing the copyright statute the courts have repeatedly held that the allowance of attorneys' fees and the amount thereof are within the discretion of the court. Stonesifer v. Twentieth Century-Fox Corporation, D.C., 48 F.Supp. 196, affirmed 9 Cir., 140 F.2d 579; Advertisers Exchange, Inc. v. Anderson, 8 Cir., 144 F.2d 907; Buck v. Bilkie, 9 Cir., 63 F.2d 447; Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460. Therefore, the fact that the phrase "in its discretion" is used in the patent statute and not in the copyright statute is not significant. This phrase merely serves to give the patent statute the same meaning which judicial construction had given to the copyright statute.

■ Examination of the cases arising under the copyright statute indicates that in some instances attorneys' fees have been awarded and in other instances have been denied. However, from a reading of these cases one may extract the general principle that attorneys' fees are awarded only where dictated by equity and good conscience. As stated in Cain v. Universal Pictures Co. Inc., D.C., 47 F.Supp. 1013, 1019: "The allowance of attorney's fees in copyright cases to the prevailing party is discretionary. (Citation of authorities.) They should not be awarded unless equity considerations exist which call for the penalization of the losing party."

In Official Aviation Guide Co., Inc., v. American Aviation Associates, Inc., 7 Cir.,

162 F.2d 541, 543, in affirming the district court's denial of attorneys' fees to the defendant as the prevailing party in an action for copyright infringement, the court said: "The instant case was hard fought and prosecuted in good faith, and it presented a complex problem in law. There were no further facts or circumstances which would indicate that the court had abused its discretion in denying attorneys' fees."

The defendant in the present case cites certain decisions in support of its motion for allowance of attorneys' fees. An examination of these cases will show that for the most part they involved an award of attorneys' fees to plaintiffs in suits in which the defendants were found guilty of infringement (see Cory v. Physical Culture Hotel, Inc., 2 Cir., 88 F.2d 411; Sheldon v. Moredall Realty Corporation, D.C., 29 F.Supp. 729) or involved suits in which the court found that the actions were "filed without justification, either in law or in fact" (see Corcoran v. Montgomery Ward & Co., Inc., D.C., 32 F.Supp. 421, 422) or in which the plaintiff's claim of infringement was "quite fantastic" (see Rose v. Connelly, D.C., 38 F.Supp. 54, 55).

■ A careful review of the pleadings, testimony, and circumstances in the present case clearly indicates that it was the usual and ordinary suit for infringement of patent and that it was instituted in good faith and vigorously prosecuted. The court finds no evidence indicating bad faith or dilatory, harassing or vexatious tactics on the part of the plaintiff. There appear to be no special circumstances and no equitable considerations which would justify an award of attorneys' fees to the defendant. Lincoln Electric Co. v. Linde Air Products Co., supra.

Defendant's motion for the allowance of attorneys' fees is denied. An order will be entered in accordance with this opinion.