## JEROME v. TWENTIETH CENTURY-FOX FILM CORPORATION.

### No. 122, Docket 20800.

Circuit Court of Appeals, Second Circuit.

Jan. 29, 1948.

O'Brien, Driscoll, Raftery & Lawler, of New York City (Arthur F. Driscoll, Milton M. Rosenbloom and Everett B. Birch, all of New York City, of counsel), for plaintiff-appellant.

Edwin P. Kilroe, of New York City (Julian T. Abeles, Arnold J. Bernstein and Benjamin G. Weil, all of New York City, of counsel), for defendant-appellant.

Before SWAN, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The complaint alleges two causes of action, the first for infringement of copyright and the second for unfair competition, based on the defendant's use of the song "Sweet Rosy O'Grady" in a motion picture of the same title. The district judge carefully reviewed the evidence, made detailed findings of fact and concluded that the plaintiff, through her agents, authorized the use of her song in the motion picture for a fee of $5,000, and that the defendant's refusal to pay this sum was not such as to justify a forfeiture of the license because the defendant was only holding the plaintiff to her agreement to deliver a license covering "world rights." The record amply supports the court's findings and no useful purpose would be served by discussion of the evidence; nor do we see any occasion to add to the opinion reported in 67 F.Supp. 736.

In the exercise of discretion and for reasons stated in his opinion reported in 71 F.Supp. 914, the judge declined to allow an attorney's fee to the defendant. No abuse of discretion is shown. For services in this court the defendant is allowed an attorney's fee of $750.

On settlement of the record on appeal the plaintiff moved for an order requiring the defendant to share the cost of printing the record on appeal as a condition of having its appeal heard on a joint record. We think there was no error in denying this motion. The defendant was required to print at its own expense the papers designated by it for its cross-appeal; what the plaintiff printed was necessary for her appeal.

The judgment and orders are affirmed.