## AERATION PROCESSES, Inc. v. Walter KIDDE & CO., Inc. et al.

### Civ. No. 2890.

United States District Court
W. D. New York.

Feb. 4, 1949.

See also, D.C., 77 F.Supp. 642.

Toulmin & Toulmin of Dayton, Ohio (H. A. Toulmin, Jr., Clayton E. Crafts, both of Dayton, Ohio, Hugh M. Bennett, of Columbus, Ohio, and John S. Powers, of Buffalo, N. Y., of counsel), for plaintiff.

Floyd H. Crews, Darby & Darby, all of New York City (Morris Relson, of New York City, of counsel; Bean, Brooks, Buckley & Bean, of Buffalo, N. Y., solicitors), for defendants.

KNIGHT, Chief Judge.

Defendants move for $20,228.23 attorneys' fees in this action decided by this court in plaintiff's favor D.C., 77 F.Supp. 647, but reversed and remanded by U. S. Court of Appeals, Second Circuit 170 F.2d 437, which, in its opinion, said: "Plaintiff joined as defendants Drescher and Lee, the proprietors of stores which sold the accused device. Plaintiff at the trial offered no

evidence against them; at the end of the trial it consented to the dismissal of the suit against them. Plaintiff sued all the defendants on two patents, but, at the close of its counsel's opening statement, withdrew one of the patents from suit. We remand solely for the purpose of having the district judge consider whether, on these facts, reasonable attorneys' fees should be assessed against plaintiff pursuant to 35 U.S.C.A. § 70." 170 F.2d at page 439.

The words "on these facts" obviously refer to the facts previously stated, viz. the dismissal of the suit as to defendants Drescher and Lee and the withdrawal of one of the two patents from suit. They do not refer to the reversal of the judgment in plaintiff's favor.

This court allowed costs to Drescher and Lee but did not allow them any of the defendants attorneys' fees.

35 U.S.C.A. § 70 provides in part: "The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case."

This sentence was added by amendment of August 1, 1946. It is similar to Section 40 of Copyright Act, 17 U.S.C.A. § 116, which provides: "In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

In National Brass Co. v. Michigan Hardware Co., D.C.W.D.Mich., 75 F.Supp. 140 the court said: "In construing the amendment relating to the award of attorneys' fees in patent cases, the court may well consider the judicial construction placed upon a substantially similar statute relating to attorneys' fees in copyright cases. * * * A comparison of these two statutes clearly shows that while the language is not identical, they are similar in effect and legal import. * * * Therefore, the fact that the phrase 'in its discretion' is used in the patent statute and not in the copyright statute is not significant. This phrase merely serves to give the patent statute the same meaning which judicial construction had

given to the copyright statute." 75 F.Supp. at pages 141–142.

The court further said: "Examination of the cases arising under the copyright statute indicates that in some instances attorneys' fees have been awarded and in other instances have been denied. However, from a reading of these cases one may extract the general principle that attorneys' fees are awarded only where dictated by equity and good conscience." 75 F. Supp. at p. 142.

In Cain v. Universal Pictures Co., D.C. S.D.Cal., 47 F.Supp. 1013, 1019, the court said:

"The allowance of attorney's fees in copyright cases to the prevailing party is discretionary. * * * They should not be awarded unless equity considerations exist which call for the penalization of the losing party."

"The general rule, which is subject to some exceptions of course, is that each party to a litigation must pay his own counsel fees, no matter how unjust the litigation may have been or how great may have been the expensa litis." Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460. An exception to this rule is made by statute in copyright and patent cases. In these, the court may allow reasonable attorneys' fees to the prevailing party.

The fees are to be allowed to the "prevailing party" and not to his attorney. In the instant case, defendants' attorneys submit with their motion the affidavit of Floyd H. Crews, verified December 23, 1948. He alleges:

"An examination of our books shows that from the beginning of May, 1946 through October, 1948, we have charged for the work done on this case, including both services and disbursements, a total of $21,228.84, all of which has been billed and paid. * * * Of this total, $2,114.50 is believed to be recoverable as costs, leaving $19,114.34 not recoverable as costs." It is not alleged specifically that this sum or any part thereof was billed to and paid by the individual defendants Drescher and Lee. Moreover, plaintiff's attorneys, opposing the motion, have submitted the affidavit of defendant Clyde D. Lee, verified January 20, 1949. He alleges:

"That, in connection with said litigation, he has never received a statement for services rendered on his behalf from, nor has he ever paid anything for and on account of services rendered, to either the firm of Darby & Darby or any of its members or associates, or the firm of Bean, Brooks, Buckley & Bean or their partners or associates. * * * Affiant further says that he has not paid any attorney any sum whatsoever for services rendered in connection with said litigation, nor is he to the best of his knowledge, information and belief indebted to any attorney or any one else for services rendered him in connection with said litigation."

 No attorneys' fees will therefore be allowed to defendants Drescher and Lee or to either of them.

Said affidavit of Floyd H. Crews further alleges: "These charges included charges for the services of this firm (Darby & Darby) amounting to $16,800, of which $8200 was charged for services performed in the District Court and $8600 for services performed in the Court of Appeals. The services in and before the District Court amounted to 328 hours of work at $25.00 per hour for a total of $8200. The services in and before the Court of Appeals amounted to 164 hours of work at $50.00 an hour up to the date of the argument, amounting to $8200. * * * The firm of Bean, Brooks, Buckley & Bean performed services in the case and made disbursements amounting to a total of $1579.44. Of this amount, $60.94 was for disbursements and the remainder $1518.50 was for services. That firm charges for services at the rate of $15.00 an hour, although they billed us for their services in this case at the rate of only $14.775 an hour. Their services amounted to 102¼ hours."

Defendants' attorneys have amended their original motion to add $613.89 interest to the $19,614.34 originally demanded, making a present total demand of $20,228.23. They claim 4% interest on Government bonds in the amount of $25,000 deposited by defendant Kidde Manufacturing Co., Inc. as a supersedeas bond fixed by the court.

 There is nothing in the language of the Court of Appeals' opinion requiring this court to consider the legal expenses arising on the appeal. The words "on these facts" obviously limit the consideration of attorneys' fees to the dismissal of the suit as to defendants Drescher and Lee and the withdrawal of one of the two patents from suit. Said affidavit of Floyd H. Crews does not disclose what expenses, if any, were incurred or what services were performed in defending the charge of violating the withdrawn patent. There is no evidence that plaintiff prosecuted its suit on the Getz patent with full knowledge of its invalidity. Considerations of equity and good conscience do not, in this case, require a penalization of plaintiff by the imposition of attorneys' fees and they are accordingly not allowed.