### KNICKERBOCKER PLASTIC CO., Inc. v. ALLIED MOLDING CORP.

### KNICKERBOCKER PLASTIC CO., Inc. v. B. SCHACKMAN & CO., Inc.

United States District Court
S. D. New York.

Oct. 21, 1949.

On Defendant's Motion Dec. 7, 1950.

See also 184 F.2d 652.

Shlivek & Brin, New York City (Max Shlivek, Saul S. Brin, New York City, of counsel), for plaintiff.

Arthur N. Seiff, New York City (Charles Sonnenreich, New York City, of counsel), for defendant.

· CONGER, District Judge.

Two actions for patent infringement and unfair competition.

One action is against the manufacturer of the alleged infringing articles and the other against a dealer who sold some of the articles. The actions were combined and tried before me as one. The issues in each case are identical.

For answer the defendant in each case denied infringement, denied the validity of plaintiff's patent and denied unfair competition. In addition each defendant's counterclaim asked for declaratory judgment, adjudging, among other things, plaintiff's patent to be wholly void and invalid in law. On the trial this counterclaim was withdrawn.

The issues before me are (a) validity of plaintiff's patent; (b) the infringement thereof by defendants and (c) unfair competition by defendants in the manufacture and sale of an article which it is claimed was similar to plaintiff's patented article.

There is no need for me to expatiate on the issue of infringement. Defendants' toy is almost an exact copy of plaintiff's. Putting them side by side one can only find minute differences, discoverable only by close scrutiny.

I also find that there was no unfair competition as alleged in the first cause of action herein. I make this finding because my ultimate conclusion gives the plaintiff the relief it asks and because the proof of unfair competition was not too satisfactory. It was stipulated that there was no palming off of defendants' product as that of plaintiff's and there was no proof of confusion to the buying public because of the similarity of the two articles.

For decision we have left only the question of the validity of the design patent issued to plaintiff's assignor on July 30, 1946. The patent states that it is for a "Design for a toy figure or similar article." The article which plaintiff manufactured and sold was a toy duck made of plastic and follows faithfully the design of the figure depicted in the application for the patent.

Plaintiff's toy duck was a toy for young children and is quite attractive, pleasing to the eye and quite unique.

Plaintiff's toy duck is of unique design. The design does not approximate the natural features of a duck. All of these features are unnatural, accentuated and

grotesque in appearance, such as the up-turned, short and broad bill, bulging eyes, the shape of the body, the wing structure and the curled up tail. All of these elements are combined into a design for a toy of unique appearance, pleasing to the eye and of great appeal to infants and children for a play toy.

I have been greatly concerned as to whether this design amounts to the dignity of an invention. This is always difficult of solution. There are no definite standards one may apply, no exact yardstick one may use. The borderline between inventive genius and mere skill of a skilled drafts-man is vague and undefined.

■ I have come to the conclusion that the design of this toy should have the dignity of a patent. Whatever doubts I had were dissolved by the evidence of the com-mercial success of plaintiff's toy.

■ Plaintiff started to manufacture the ducks in various combinations. The demand for them was instantaneous. I realize that commercial success will not validate a bad patent, but public acceptance of a design patent is of great, persuasive and well-nigh decisive effect in doubtful cases. Standard Match Corporation v. Bell Mach. Co., 7 Cir., 1936, 83 F.2d 365; Shoe Form Co. v. Irwin Corporation, D.C.S.D.N.Y.1946, 68 F.Supp. 618, affirmed, 2 Cir., 164 F.2d 277.

From July 17, 1946 to August 31, 1947 plaintiff sold almost 3,500,000 of these toys. During this time the demand ex-ceeded the supply.

Defendants urge that the commercial success of plaintiff's toy was due to the use of a new plastic material, rather than to the design of the article. Of course, the use of a plastic material, new in the toy field, in no way is one of the elements that would make this toy design patentable. It is not so claimed by plaintiff. No doubt the use of this plastic material made the toys more attractive but in the main I feel that the attractiveness largely comes from the unique, grotesque and pleasing design.

The prior art put in evidence by de-fendants was insufficient and not conclu-sive.

It proved nothing more than that some of the salient elements of plaintiff's design could be located and found in the prior art, such as the upturned beak, the elon-gated neck, the backward slant of the eyes and the contour of the body. None of the ducks shown in the prior art is any-where near the appearance of plaintiff's duck.

■ Even assuming that, taken separ-ately, all of the elements of plaintiff's de-sign are old, that alone does not invalidate the design of patent. That there is but a simple grouping of these old elements does not negative invention, for simplicity may be the height of art. Krem-Ko Co. v. R. G. Miller, 2 Cir., 1934, 68 F.2d 872.

As Judge Augustus Hand said in Friedley-Voshardt Co. v. Reliance Metal Spinning Co., D.C.1916, 238 F. 800, at page 801, "It is in the arrangement, or, to use the technical term of the patent law, the combination, of elements, and probably at this late day in that alone, that origin-ality and aesthetic skill may be evidenced."

In the early part of 1946 (either May or June) plaintiff started to ship and sell its patented toy to the trade. After that, de-fendant Allied Molding Corp. started to manufacture and sell a toy duck which I have held infringes plaintiff's article, and defendant B. Schackman & Co., Inc. bought from Allied some of these toy ducks and sold them in the open market; and defendant Allied continued to manu-facture and sell these toys after it had been notified that plaintiff claimed that Allied was infringing plaintiff's toy by the manu-facture and sale of its duck.

The first cause of action is dismissed.

Plaintiff is entitled to a judgment against the defendants on the second cause of action which of course carries with it the right to an accounting and an injunction.

Settle judgment on notice.

## On Defendant's Motion

Motion by the defendant for the allow-ance of counsel fees and for the retax-ation of costs.

Section 70 of Title 35 U.S.C.A. provides in part that "The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case." The criteria for the exercise of such discretion appear to be the good faith of the unsuccessful party, whether the suit was merely harassing or vexatious and the like. See National Brass Co. v. Michigan Hardware Co., D.C., 75 F.Supp. 140; Lincoln Electric Co. v. Linde Air Products Co., D.C., 74 F.Supp. 293.

I feel that I should not exercise discretion favorably to the defendant here. I concede that the plaintiff's initial attempts to get relief on the basis of unfair competition stand in poor light in view of the subsequent developments on that point. But the plaintiff did own a design patent and I sustained it after trial. Even though the Court of Appeals subsequently adjudicated it invalid, 2 Cir., 184 F.2d 652, I cannot hold, under all the circumstances, that the suit was completely in bad faith and harassing or vexatious.

The Clerk of the Court sustained the plaintiff's objection to the inclusion of an item of $127.05 in the bill of costs. This sum was paid by the defendant for the stenographic transcript of the trial testimony. Of course, under Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the allowance of such an item is discretionary. A practice has developed in this Court to disallow such items unless the Judge requests a transcript or it is supplied necessarily for his use in deciding the matter. See Sammons, et ano. v. Schwarz, et al., decided by me August 21, 1944 (Civil 21–13)[1]; Laird, et ano. v. United Shipyards, Inc., et al.,[1] decided by me March 3, 1944 (Civil 10–404). However, the circumstances here are different. The parties stipulated to include the testimony in the record on appeal and the defendants ordered it and paid for it. At that point it would have been just if the plaintiff had shared the expense, but no understanding was had on that score apparently. The plaintiff, therefore, had the benefit of the testimony in the record on appeal without paying anything. I think it is proper, therefore, since the plaintiff lost, that it be required to pay the entire item, and in my discretion I so direct.

I have signed the judgments in accordance with the foregoing.

---

1. No opinion for publication.