## BLANC v. SPARTAN TOOL CO.
### No. 9858.

United States Court of Appeals
Seventh Circuit.
Dec. 9, 1949.

Gordon F. Hook, Gerrit P. Groen, Chicago, Ill., for appellant.

Arthur A. Olson, Thorley von Holst, Chicago, Ill., for appellee.

Before KERNER, DUFFY, and FINNEGAN, Circuit Judges.

KERNER, Circuit Judge.

This appeal involves the issue of the propriety of an order awarding attorneys' fees to defendant in the amount of $7,500 in a patent suit dismissed on the merits.

The cause was previously before us on an appeal from the order of dismissal, which order also included the provision: "That the defendant also recover from the plaintiff reasonable attorney's fees, but the matter of determination of the amount of the award of such fees be and the same is hereby continued until the further order of the Court." We affirmed the judgment holding the patent in suit invalid. 7 Cir., 168 F.2d 296, 300. The issue of the allowance of attorneys' fees was also raised on that appeal in briefs and oral argument, and as to that question we stated:

"It is claimed that the court erred in decreeing that defendant recover reasonable attorneys' fees. No amount was fixed by the court. The determination of the amount of the award was continued to be considered at a later date.

"Under 35 U.S.C.A. § 70 the court may in its discretion award reasonable attorneys' fees to the prevailing party. But plaintiff argues that it was not contemplated that the recovery of attorneys' fees become 'an ordinary thing in patent suits,' and cites Lincoln Electric Co. v. Linde Air Products Co., D.C., 74 F.Supp. 293, 294, in which the court denied fees because the case 'presents a situation which is not unusual in patent matters.' We think it clear that under the statute the question is one of discretion. The court exercised its discretion and that ends the matter unless we can say as a matter of law that there was a clear abuse of discretion. This we cannot say."

When proceedings were resumed in the District Court for the determination of the amount of fees, after affirmance of the decision by this court on the merits and denial of certiorari, 335 U.S. 853, 69 S.Ct. 81, plaintiff sought to reopen the question of the right of defendant to any fees, contending that this court had not gone into the question, but had simply held that the matter was discretionary with the lower court.

Although we did not deem it necessary in our earlier opinion to discuss the facts of the case with relation to the allowance of fees, we were convinced from our study of the record that they supported the exercise by the court of the discretion granted by the statute to allow fees, hence we affirmed the judgment in all respects, including the allowance of "reasonable attorneys' fees," with the amount to be fixed later. This, then, became the law of the case, and all that remained for the court on a later hearing was to determine what constituted "reasonable fees" under the facts of the case. This it did, and plaintiff does not contend that the fees allowed were unreasonable—it only contends again that the court erred in allowing any fees.

The fallacy of plaintiff's position now is well illustrated in his reply brief: " * * * our argument before this Court on appeal on the merits was confined solely to the question as to whether this case was a proper one for the assessment of attorney's fees." We so understood the question which was squarely presented, and we held that it was such a case, as indicated by the portion of our opinion quoted above. Hence there can be no question but that, since the case was a proper one for the allowance of fees, there could be no error on the part of the District Court in making such allowance. This is not to say that, under the statute, fees are to be allowed as a matter of course to the prevailing party. We agree with the decision cited by plaintiff, Lincoln Electric Co. v. Linde Air Products Co., D.C., 74 F.Supp. 293, that attorneys' fees are not to be allowed in the usual patent case. But the trial judge here stated that he was motivated by "the character of the Blanc patents here involved, the construction of defendant's devices charged herein to be infringed, and the decisions of other courts in relation to said patents prior to the institution of the present suit," in reaching his decision to award fees. We think these circumstances justified the exercise of his discretion.

It would no doubt have been better procedure for the court to have determined the amount it deemed proper in the earlier proceeding so that the case could have come up to this court on the one appeal including that from a specific award of fees instead of the general allowance of "reasonable fees" with the amount left for later consideration. However, the adop-

tion of the different procedure does not warrant reconsideration of the issue now.

Defendant has asked this court for a further allowance of fees in the amount of $750 for services of its counsel on this appeal, on the authority of Jerome v. Twentieth Century-Fox Film Corp., 2 Cir., 165 F.2d 784. In view of the procedure followed in this case, resulting in the entry of two appealable orders instead of one, and the novelty of the primary question involved, we think the additional fees should not be allowed.

Judgment affirmed.