See also D.C., 78 F.Supp. 513.

## VISCHER PRODUCTS CO. v. NATIONAL PRESSURE COOKER CO.

### Civ. No. 1310.

United States District Court
W. D. Wisconsin.

June 30, 1950.

Hinkle, Horton, Ahlberg, Hansmann & Wupper, Chicago, Ill., for plaintiff.

Francis J. Wilcox, Eau Claire, Wis., George I. Haight, Chicago, Ill., Samuel H. Maslon, Minneapolis, Minn., for appellee.

STONE, District Judge.

The motion of the defendant for the allowance of attorney fees in this proceeding, pursuant to Title 35, U.S.C.A. § 70, came on to be heard at the present term of court; Francis J. Wilcox, George I. Haight, and Samuel H. Maslon appearing for the defendant; and Hinkle, Horton, Ahlberg, Hansmann & Wupper appearing for the plaintiff. The statute provides "that a court may in its discretion award reasonable attorney fees to the prevailing party upon the entry of judgment in a patent case.

In this action the defendant was charged with infringing plaintiff's patent on a pliable overpressure plug used in pressure cookers.

■ Among other things, defendant's counsel contend that the plaintiff was not justified in filing the petition to reopen the proceedings after the appeal had been perfected; that the reopening unduly encumbered the record and unnecessarily prolonged the action.

On the showing made by plaintiff's counsel, this court was convinced that the judgment should be vacated and plaintiff permitted to submit additional proof as newly discovered evidence, which was done. While the additional evidence did not induce the court to alter its original findings and judgment, nevertheless plaintiff's counsel was clearly warranted in submitting the futher evidence. There is no evidence in this record of any dilatory tactics, or of any vexations or oppressive conduct on the part of plaintiff's counsel.

The conduct of counsel for both parties was lawyerlike, straightforward, reliable and trustworthy. It is such conduct of counsel that stimulates and maintains my high respect for the members of the patent bar.

■ Since the enactment of Section 70 of 35 U.S.C.A. the courts have uniformly held that attorney fees are not to be allowed as a matter of course to the prevailing party in the usual and ordinary patent suit which is free from bad faith or fraud, inasmuch as such allowance is in the nature of a penalty or fine imposed on the losing party because of his conduct in instituting and maintaining the action without justification or in bad faith.

■ An allowance of attorney fees is warranted only where there is present some inequitable conduct of a party such as undue harassment, unnecessary prolongation of proofs, or the wrongful commencement of a wholly unfounded action brought for malicious purposes and not merely to determine the issues of validity and infringement.

The last word of the United States Court of Appeals for the Seventh Circuit on the construction of this statute is found in Associated Plastics Companies, Inc., v. Gits Molding Corporation, 7 Cir., 182 F.2d 1000 in which the court held:

"It is true, of course, that under § 70 of 35 U.S.C.A. the court may in its discretion award reasonable attorneys' fees to the prevailing party, but attorneys' fees are not to be allowed as a matter of course to the prevaling party. Blanc v. Spartan Tool Co., 7 Cir., 178 F.2d 104. Here defendants served a notice upon plaintiff charging infringement and demanding that

plaintiff cease the manufacture and sale of its trays, but that fact of itself does not compel a finding of bad faith. United States Galvanizing & Plating Equipment Corp. v. Hanson-Van Winkel-Munning Co., 4 Cir., 104 F.2d 856. Neither may a finding of bad faith be said to be supported solely because defendants have been unsuccessful in their endeavor to establish the validity of the patents.

"The judgment of the District Court is therefore modified by striking therefrom the award for attorneys' fees."

Other cases supporting this construction of the statute are: Lincoln Electric Company v. Linde Air Products Co., D.C., (Judge Wilkin) 74 F.Supp. 293; Cowles Co. v. Frost White Paper Mills, Inc., D.C., (Judge Medina) 77 F.Supp. 124; National Brass Co. v. Michigan Hardware Co., D.C., (Judge Starr) 75 F.Supp. 140; Dixie Cup Co. v. Paper Container Mfg. Co., 7 Cir., 174 F.2d 834; Blanc v. Spartan, 7 Cir., 178 F.2d 104.

The record discloses this to be the usual and ordinary patent case involving the validity and infringement of plaintiff's patent, free of any evidence of oppressive tactics, malicious conduct, fraud or bad faith on the part of the plaintiff.

The defendant's motion is denied, without costs.