EXCEL AUTO RADIATOR CO.

v.

THE BISHOP & BABCOCK MFG. CO.

THE BISHOP & BABCOCK MFG. CO.

v.

EXCEL AUTO RADIATOR CO.

Nos. 11962, 11963.

United States Court of Appeals,
Sixth Circuit.

April 21, 1954.

Hudson, Boughton, Williams, David & Hoffmann, Cleveland, Ohio, Max W. Zabel, Chicago, Ill., for appellant.

John H. Watson, John T. Scott, M. B. & H. H. Johnson, Cleveland, Ohio, Arthur H. Boettcher, Chicago, Ill., for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

These appeals were consolidated for hearing and came on to be heard upon the record and briefs and oral argument of counsel;

And it appearing that this court in Excel Auto Radiator Company v. Bishop & Babcock Manufacturing Company, 6 Cir., 167 F.2d 962, affirmed a judgment of the District Court which held Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12 and 13 of the Mayo patent No. 2322041 valid and infringed with the exception of Claim 6, which this court held invalid, and that certiorari was denied by the Supreme Court of the United States, 335 U.S. 823, 69 S.Ct. 46, 93 L.Ed. 377;

And it appearing that the judgment affirmed ordered an accounting and an award of reasonable attorneys' fees, together with costs and interest;

And it appearing that the Special Master in the accounting proceedings found that 7% of the net sales receipts was a reasonable royalty rate;

And it appearing that the evidence clearly shows that the usual rate of royalty for automobile accessories is from 5 to 10 per cent of the net sales received when sold to distributors in chain stores, which is the class of trade here involved;

And it appearing that the Master recommended the sum of $27,000 as reasonable attorneys' fees in respect to the proceedings prior to November 15, 1948;

And it appearing that the District Court confirmed the report of the Special Master in all respects except for a modification in amount of reasonable attorneys' fees which the court fixed at $22,000;

And it appearing that under the statute applicable to this case, 35 U.S.C. § 70,[1] the judgment for reasonable attorneys' fees rested in the discretion of the trial court and that there was no abuse of discretion, Algren Watch Findings Co., Inc., v. Kalinsky, 2 Cir., 197 F.2d 69, 72; Blanc v. Spartan Tool Co., 7 Cir., 178 F.2d 104;

1. Now 35 U.S.C.A. § 285.

And it appearing that the judgment of the District Court allowing reasonable attorneys' fees has already been reviewed and affirmed by this court and that it should be revised only under exceptional circumstances, General American Life Ins. Co. v. Anderson, 6 Cir., 156 F.2d 615; Williams v. Order of Commercial Travelers of America, 6 Cir., 41 F.2d 745;

And it appearing that the allowance of reasonable attorneys' fees herein is not controlled by the Act of July 19, 1952, 66 Stat. 813, but falls within § 5 of the Act, 66 Stat. 815, which repealed, together with other sections, R.S. § 4921, 35 U.S.C. § 70, and provided that any rights or liabilities then existing under such section or parts thereof should not be affected by this repeal;

And the concurrent findings of the Master and the District Court being supported by substantial evidence and no reversible error appearing in the record:

It Is Ordered that the judgment of the District Court be and it hereby is affirmed.