DIXIE CUP CO. v. PAPER CONTAINER MFG. CO.

No. 9558.

Circuit Court of Appeals
Seventh Circuit.

July 16, 1948.

Rehearing Denied Aug. 31, 1948.

Casper W. Ooms, James C. Leaton and Franklin M. Warden, all of Chicago, Ill., for appellant.

Carlton Hill, Charles F. Meroni, Alexander C. Mabee, and Samuel W. Kipnis, all of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and STONE, District Judge.

MAJOR, Circuit Judge.

This appeal is from a final judgment, entered January 19, 1948, in an accounting for patent infringement. The opinion of the lower court in the original suit is reported in D.C., 43 F.Supp. 518, and the decision of this court in 7 Cir., 130 F.2d 569. The accounting was stated by a Master in Chancery to whom the cause had been referred for such purpose, after an extensive hearing. The judgment was predicated upon the report of such Master and awards the plaintiff the sum of $2,096,-062.23, as damages, with interest at 5% from date, $71,163.50 as attorney fees, $3,141.61 as taxable costs, directs that the

defendant reimburse the plaintiff for Master's fees advanced in the sum of $12,500 and court reporter's fees in the amount of $1,512.90, and directs that a permanent injunction issue against the defendant from further infringement.

A number of patents and claims were involved when the case was before this court on former appeal. So far as material to the instant proceeding, this court affirmed the lower court in its holding that defendant was estopped to deny the validity of the Smith & Bild patent No. 2,203,510, and that the defendant had infringed claims 9, 10, 23 and 24 thereof. The machines complained of and the only ones before this court on former appeal are known and referred to as defendant's Original Spiral machines. In addition, there are involved in the instant proceeding what are referred to as defendant's Modified Spiral machines and the Merta machines. The former embody certain changes in the Original Spiral machines made by the defendant in order to avoid further infringement after those machines had been held to infringe. The Merta machines, invented by George Merta of Los Angeles, California, were purchased by the defendant and put into operation some time before the original trial.

The most important issue on this appeal arises from defendant's contention that plaintiff is estopped by the file wrapper history of its patent relative to claims 9 and 10 to assert infringement as to the Modified Spiral and Merta machines. This issue apparently was ignored by the Master and the court below. Before considering this issue, we shall refer to the Master's theory upon which we predicated his finding of infringement. Not only did the Master ignore the file wrapper history but also the elements called for by the claims. Instead, a statement contained in the opinion of this court was made the test or basis for his adjudication of infringement.

The statement relied upon (7 Cir., 130 F. 2d 569, 578), is as follows: "Smith & Bild is for an improvement over Holman and other prior art patents. In the prior machines the cup blanks were preformed and stored in a magazine from which they were fed into the machine. The essential improvement claimed by Smith & Bild had to do with the continuous feeding or advance of a strip of paper stock toward the cupforming element with cutting means acting prior to the forming operation to successively sever cup blanks from the continuously moving strip of paper. While other points are discussed, this, no doubt, is the gist of the improvement, and the issue of infringement, so we think, must be determined largely with reference to this improvement."

Utilizing this statement and ignoring the requirements of the claims, the Master states:

"Like the claims of the Smith & Bild patent and the adjudicated machines, defendant's present machines accomplish—

(1) The feeding of a strip progressively toward the forming means;

(2) The severing of blanks from the strip;

(3) The control and alignment of that strip and of the blanks cut therefrom; and

(4) The presentation of the blanks accurately to the forming means."

Obviously, the statement of this court is directed at the general nature of the improvement disclosed by Smith & Bild, but equally obvious is the fact that it does not purport to define the invention as set forth in the numerous claims of the patent. To hold, as the Master has, that the scope of the invention is to be measured by this statement would mean in effect that this court ignored the phraseology of the numerous claims and consolidated them into a single claim by a substitution of our language for that of the patentee. Certainly we had no such purpose and we do not think the statement is reasonably capable of such a construction.

We did hold that the defendant was estopped to deny the validity of claims 9, 10, 23 and 24, and that they read directly upon defendant's Original Spiral machines, the only machines which at that time were before the court. That was the extent of our holding insofar as it pertains to these claims. None of these claims read directly either upon defendant's Modified Spiral machines or its Merta machines; in fact, the plaintiff concedes and the Mas-

ter found that there was no infringement of claims 23 and 24. It seems to us that this concession is inconsistent with the reliance placed upon the quoted statement from the opinion of this court, because if that statement can be used as a basis for finding infringement of claims 9 and 10, it likewise can be used for finding infringement of claims 23 and 24. They, like claims 9 and 10, call for a continuous feeding of the paper, but claim 23 provides for "a stop member located in the path of the oncoming blank," and claim 24 provides for "trimming means associated with said forming means." These elements were found in the Original Spiral machines but admittedly are absent in defendant's later machines. Claim 9 provides for "repeatedly cutting off the end of the strip crosswise along a line other than straight across said strip." Claim 10 contains a similar requirement. This element found in claims 9 and 10 was also found in defendant's Original Spiral machines but is not found in defendant's later machines, and it is only by the application of the doctrine of equivalency that they are held to be infringed. As the Master stated: "Under the doctrine of equivalents, both are to all intents and purposes identical with the adjudicated machine unless the fact that the rotary knives cut completely blanks from the continuously moving strip of paper as it is fed toward the forming means in such manner that the waste is in one continuous strip rather than in small pieces, be considered of importance sufficient to negative the charge of infringement."

We find no occasion to discuss or cite cases in support of this doctrine of equivalency embraced by the Master because it is limited by another principle commonly called file wrapper estoppel, the gist of which is that a patentee who has changed the form of his claim during its prosecution disclaims the scope of the claim in its earlier form, and the change effected by the amendment must be construed against the patentee. He is not permitted thereafter to recapture what he has disclaimed or assert the claim against any equivalents that would respond to the claim in its earlier form but which do not respond expressly to the claim as issued.

We think it unnecessary to detail the patent office history of claims 9 and 10. It is sufficient to note that they had their origin in claim 35 of the application, which was cancelled by the patentee, and claims 46 and 47 were presented, which ultimately became claims 9 and 10. These claims as originally presented made no reference to repeatedly "cutting off the end of the strip." The patent office, after first allowing these claims, rejected them as "fully met" by the Ristow British patent No. 362,-968. Thereupon, to overcome this rejection and to induce their allowance, they were amended to avoid the Ristow patent. One of the significant amendments provided for "the cutting off of sections of the end of the continuously advancing strip." In support of this amendment the patentee stated: "A further distinction resides in the fact that these claims call for the repeated cutting off of the end of the strip to define a series of successive cup blanks. In the British construction, blanks are punched from the strip and the waste portion 4 is wound on the drum 3. Thus, it will be appreciated that the British construction does not in any way disclose or contemplate the cutting off of sections of the end of the continuously advancing strip so that these sections can be formed on the mandrel into cups."

The effect of the changes thus wrought was to confine the claims to a machine which severs blanks from the strip "by repeatedly cutting off the end of the strip." This was necessary, or at any rate the patentee so thought, to distinguish the claims from Ristow and thereby induce their issuance. These claims, as we held, read directly on the Original Spiral machines but they do not so read upon the Modified Spiral or Merta machines, which cut complete blanks from a strip, leaving the waste part of the strip in one continuous piece the length of the original roll of paper. This is what Ristow did. By amending claims 46 and 47 to differentiate from the machine of the Ristow British patent, in which complete, finally shaped "blanks are punched from the strip and the waste

549

portion 4 is wound on the drum 3," plaintiff likewise differentiated from defendant's present machine.

A recent decision of the Supreme Court which in our judgment sustains defendant's contention that plaintiff is estopped by the file wrapper history of its patent from claiming infringement as to defendant's Modified Spiral and Merta machines, is Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 62 S.Ct. 513, 86 L.Ed. 736. There, the patent covered a switch on a pin-ball table. The claim had originally called for conductor means "carried by the table." Upon rejection, this was amended to read "embedded in the table." This court (7 Cir., 119 F.2d 349, 352) denied the defense of patent office estoppel and held that the 'claim was infringed. The Supreme Court, in holding to the contrary, used language which refutes so much of plaintiff's argument in the instant case that we quote at length. The court stated, 315 U.S. page 136, 62 S.Ct. page 518, 86 L.Ed. 736:

"Whatever may be the appropriate scope and application of the doctrine of equivalents, where a claim is allowed without a restrictive amendment, it has long been settled that recourse may not be had to that doctrine to recapture claims which the patentee has surrendered by amendment.

"Assuming that the patentee would have been entitled to equivalents embracing the accused devices had he orginally claimed a 'conductor means embedded in the table,' a very different issue is presented when the applicant, in order to meet objections in the Patent Office, based on references to the prior art, adopted the phrase as a substitute for the broader one 'carried by the table'. Had Claim 7 been allowed in its original form it would have read upon all the accused devices since in all the conductor means complementary to the coil spring are 'carried by the table.' By striking that phrase from the claim and substituting for it 'embedded in the table' the applicant restricted his claim to those combinations in which the conductor means, though carried on the table, is also embedded in it. By the amendment he recognized and emphasized the difference between the two phrases and proclaimed his abandonment of all that is embraced in that difference. [Citing cases.] The difference which he thus disclaimed must be regarded as material, and since the amendment operates as a disclaimer of that difference it must be strictly construed against him. [Citing cases.] As the question is one of construction of the claim it is immaterial whether the examiner was right or wrong in rejecting the claim as filed. [Citing cases.] It follows that what the patentee, by a strict construction of the claim, has disclaimed—conductors which are carried by the table but not embedded in it—cannot now be regained by recourse to the doctrine of equivalents, which at most operates, by liberal construction, to secure to the inventor the full benefits, not disclaimed, of the claims allowed."

■ Plaintiff also contends that the defendant should not be permitted at this late date to invoke this estoppel against the plaintiff because the file wrapper history was before us on the former appeal. We are not aware, however, of how it would have been pertinent in its instant aspect to any issue then before the court. As already stated, we held that claims 9 and 10 read directly upon defendant's Original Spiral machines, the only machines involved at that time. It was only because the plaintiff, subsequent to our former decision, charged infringement of defendant's later machines that the issue of file wrapper estoppel became material. It is also urged that there was an obligation on the part of the defendant to produce at the original trial these machines, and particularly the Merta machines which admittedly were being used by the defendant at that time. In fact, it is asserted that the defendant deliberately concealed these machines from the court. We think this contention is without merit. Defendant has at all times denied infringement, and we know of no rule which required it, under the circumstances presented, when charged with infringement by the use of certain machines, voluntarily to produce other machines.

■ Plaintiff submits a detailed discussion of the Ristow patent and refers to other prior art patents for the purpose of showing that they, and particularly Ris-

tow, do not anticipate the claims in suit and that they are of no benefit to the defendant in its effort to escape infringement. This argument, if accepted, is of no value to the plaintiff because it is now immaterial. It was an appropriate argument and evidently was made to the patent office when the claims were being considered. Whether that office properly appraised the prior art in its consideration and rejection of the claims as originally proposed, or whether the patentee properly acquiesced in the ruling of the examiner with reference to Ristow and amended the claims to meet such ruling is now beside the point. As the court stated in the Exhibit Supply Co. case, supra, 315 U.S. page 137, 62 S.Ct. 519, 86 L.Ed. 736: "As the question is one of construction of the claim it is immaterial whether the examiner was right or wrong in rejecting the claim as filed."

■ It is therefore our view and we so hold that plaintiff is estopped to assert infringement by defendant's use of its Modified Spiral and Merta machines. Plaintiff urges that such a holding is inconsistent with our former decision. We do not think so. Admittedly, the machines now asserted to infringe were not involved or before the court on the prior appeal. They were brought into the case by the plaintiff in the accounting proceeding when the issue of file wrapper estoppel as it pertains to claims 9 and 10 first became material.

Another defense relied upon is that plaintiff is not entitled to any relief for its failure to file a disclaimer of claims 6, 11 and 20 of the Smith & Bild patent. Title 35 U.S.C.A. §§ 65, 71. Obviously, this defense becomes immaterial as to defendant's Modified Spiral and Merta machines inasmuch as we have already held that plaintiff is estopped to assert their infringement. It is only material as to defendant's Original Spiral machines which we have heretofore held to infringe. This defense appears to be predicated upon the contention that this court in its former opinion used certain language which indicated that these claims were invalid and that the patentee was thereby obligated to disclaim. We think there is no foundation for the premise. The language re-

lied upon was used solely in connection with our discussion of defendant's estoppel to deny infringement of claims 9, 10, 23 and 24. We neither considered nor decided the validity of any of the claims of the Smith & Bild patent. Our decision was confined entirely to a holding that claims 6, 11 and 20 were not infringed, that defendant was estopped to deny the validity of claims 9, 10, 23 and 24, and that that those claims were infringed by defendant's Original Spiral machines. Thus, as the record now stands as to claims 6, 11 and 20, the lower court held that they were valid, which holding was not reversed or disturbed by this court. None of the cases cited by the defendant and none which we are able to find have any persuasive effect upon a situation such as is here presented, and it is our opinion that the patentee was not required to disclaim and that this defense is without merit.

■■ From what we have held, it follows that plaintiff is entitled to no recovery on account of the asserted infringement of defendant's Modified Spiral and Merta machines. Concededly, it is entitled to recover for infringement of defendant's Original Spiral machines. The Master on account of such infringement allowed as damages what he found to be a reasonable royalty in the amount of $21,608.20, based on 5% of the selling price of defendant's cups, and disallowed deductions in defendant's calculation of its profits in the amount of $29,734.19. These two items total $51,-342.39. Based on this award, the Master recommended treble damages in the amount of $154,027.17, which recommendation was approved by the court.

The defendant, while admitting liability on account of the Original Spiral machines, disputes the amount of damages awarded, and particularly the award of treble damages. The controversy concerning the award of damages as made by the Master revolves in the main around the testimony of two expert witnesses, one offered by the plaintiff and the other by the defendant. We think no good purpose could be served in relating or discussing the conflicting theories advanced by these expert witnesses as to the proper basis for the making of an award. A study of the

record leads us to the conclusion that there is substantial support for the Master's calculation of damages. We also agree with the disallowed deductions which entered into his calculations in this respect. A more serious question arises regarding the award of treble damages. This admittedly is a matter in the discretion of the court below whose judgment we would be authorized to disturb only upon a showing of an abuse of such discretion. We think no such showing has been made, and we are bound, therefore, to accept the judgment of the lower court in this respect.

■ Plaintiff was awarded attorney fees in the amount of $71,163.50. Defendant's claim for attorney fees in the amount of $70,000 was denied. Each of the parties claimed attorney fees on the theory that it was the prevailing party in the litigation. Title 35 U.S.C.A. § 70 provides: "The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case." Here again, we must recognize the rule that the apportionment of costs and the allowance of attorney fees is a matter largely in the discretion of the lower court. General Tire and Rubber Co. v. Fisk Rubber Corp., 6 Cir., 104 F.2d 740, 748; Perrine, et al. v. Burdick, et al., 8 Cir., 138 F.2d 861, 866. Our chief difficulty in determining whether there has been an abuse of discretion arises from the fact that the record is silent as to the basis upon which the Master recommended attorney fees for the plaintiff and denied such fees to the defendant. It appears, however, that it was on the theory that plaintiff was the prevailing and defendant the losing party. If so, we think this was an erroneous premise.

■ It must not be overlooked that plaintiff instituted this litigation by suing on fourteen patents with a total of five hundred and ninety claims, that ten of such patents were withdrawn prior to trial, leaving four with twenty-six claims in suit. The lower court found twenty-three of such claims valid and infringed. This court on appeal, as already pointed out, did not pass upon the validity of any of the claims, but held that the defendant was estopped to deny such validity as to two

of the patents in suit, containing nineteen claims, and, as heretofore shown, that defendant's Original Spiral machines infringed claims 9, 10, 23 and 24 of Smith & Bild. In all other respects, the holding of the court below was reversed. The situation is now further changed by our present holding that plaintiff is estopped to assert infringement against defendant's Modified Spiral and Merta machines, which formed the basis for a large part of the controversy in the instant proceeding before the Master. It is true that plaintiff is a prevailing party, but so is the defendant; in fact, the defendant has prevailed on more of the litigated issues than the plaintiff. Whether either party is entitled to an award of attorney fees under the circumstances of the case, we express no opinion. If the court, however, sees fit to make such allowance, we think the proper exercise of its discretion requires that the amount allowed bear some reasonable relation to the services rendered in connection with that part of the litigation with which the party claiming such fees has prevailed. What we have said concerning the allowance of attorney fees also applies to the Master's fee and the court reporter's charges.

■ Another respect in which we think the judgment is erroneous is that it allows interest on the award on the Original Spiral machines from the end of 1941. Undoubtedly, the general rule is that interest runs only from the date when the claim is liquidated. Duplate Corp. v. Triplex Safety Glass Co., 298 U.S. 448, 459, 56 S.Ct. 792, 80 L.Ed. 1274. It is true the court in that case recognized that there are exceptional circumstances justifying a departure from this general rule. The court, however, found no such exceptional circumstances in that case and we are of the view that there are no such circumstances in the instant case.

■ In conclusion, we think it not inappropriate to observe that in our opinion too much emphasis has been placed in the instant proceeding upon the inequitable conduct and bad faith of Leo J. Hulseman who had control of the defendant. It was this conduct that gave rise to the facts upon which it has been held that de-

fendant was estopped to deny the validity of the claims of the Smith & Bild patent. While we have no desire to minimize the misconduct which has been found on his part, yet it should be kept in mind that the holding of estoppel to contest validity is a severe penalty in itself. We think that defendant has paid the penalty for the transgressions of Hulseman, and we see no reason why his misconduct should permeate and give color, as it apparently has, to the numerous questions raised in the instant proceeding. In this connection, we are also of the view that plaintiff's conduct is not free from criticism. The institution of a suit charging the infringement of fourteen patents with their innumerable claims, ten of which are withdrawn before trial, as was done here, would seem to indicate not only a state of uncertainty and confusion as to what rights were sought to be enforced, but raises a question as to whether the suit was commenced in good faith or for the purpose of harassment.

The judgment is reversed and the cause remanded, with directions that a judgment be entered on an account stated, in conformity with the views herein expressed.