# DIXIE CUP CO. v. PAPER CONTAINER MFG. CO.

## No. 9782.

United States Court of Appeals
Seventh Circuit.

June 10, 1949.

Casper W. Ooms, Chicago, Ill., Franklin M. Warden, James C. Leaton, Chicago, Ill., for appellant.

Carlton Hill, Chicago, Ill., Thomas L. Marshall, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is an appeal in a case which has been before this court twice previously in Dixie-Vortex Co. v. Paper Container Mfg. Co., 130 F.2d 569 and 169 F.2d 645. In the first appeal it was determined that defendant had infringed four claims of plaintiff's patent by the use of certain specified machines, and the cause was remanded for an accounting in accord with that conclusion. Subsequently, before the Master to whom the District Court referred the matter, plaintiff sought to include in its recovery damages for alleged infringement by two later machines manufactured by defendant, asserting that it had only recently discovered the newly alleged infringing devices. Thereupon defendant applied to the District Court for a declaratory judgment adjudging that its additional machines did not infringe and asked the court so to decide before continuing with the accounting. Plaintiff objected, but at the same time likewise endeavored to obtain a decision as to whether the new machines which plaintiff had complained infringed, before the Master proceeded, by a motion that defendant be declared in contempt of the existing judgment declaring it an infringer. Obviously, the court might, by either of these methods, have determined preliminarily to the accounting, whether the two machines which had been brought into the case after entry of the decree infringed. However, the court, presumably because of the multiplicity and volume of litigation arising in the District Court in a great metropolis and the consequent pressure upon the court, thought that the most practical procedure was to let the Master hear the entire matter on

the accounting each party reserving, of course, its contentions as to infringement or non-infringement by these two machines, until final hearing on the merits.

The parties proceeded with a long, involved, complicated and expensive proceedings before the Master, who recommended a judgment, which was later entered and affirmed by this court, for treble damages for the infringement affirmed by this court on the first appeal. In addition, he concluded that the two machines subsequently brought into the case likewise infringed and recommended treble damages on account of this infringement. Upon review of the Master's report the District Court approved the conclusions and recommendations and entered judgment, as we have said, for infringement, not only by the machines originally before the court but also by the machines later brought into the case.

Upon the second appeal, this court affirmed the judgment for damages arising from the infringement by the machines involved in the first appeal. It reversed the judgment in so far as it included damages because of infringement by the machines subsequently brought into the litigation, holding under the facts and circumstances of the case, that plaintiff was estopped by its file-wrapper history to assert infringement by defendant by the use of the additional machines. Thereupon the cause was again remanded to the District Court with directions to proceed in accord with the decision of this court. We expressly refrained from determining whether either party was entitled to recover attorneys' fees or costs incurred in the litigation but declared that it was properly the function of the trial court, in the exercise of its sound discretion, to determine whether any attorneys' fees or costs should be awarded to either party.

Following issuance of the mandate, the parties appeared before the District Court and presented their conflicting claims as to fees and costs. Plaintiff seems not to have pressed too strongly its claim, which the court had previously allowed, but, as we read the record, then inclined to the view that neither party should recover and that it was strictly a matter lying within the District Court's discretion. It did, however, resist allowance of any award to defendant.

No testimony was heard, the parties agreeing that the court might accept the statement of counsel of each side as to the services rendered and the amount and the value thereof. At the conclusion, the court denied awards to either plaintiff or defendant for solicitors' fees or other costs of the accounting. The present appeal questions the propriety of that order. Plaintiff contends that it was clearly within the discretion of the trial court and defendant, that the court abused its discretion in failing to award it any allowance.

The pertinent Act of Congress, 35 U.S. C.A. § 70, provides that upon judgment being rendered in any case for infringement "the court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case." It is clear, therefore, that whether the court will award any attorneys' fees is entirely a matter of discretion.

■ Judicial discretion, as we understand it, is impartial reasoning, guided and controlled in its exercise by fixed legal principles, requiring the court, in consideration of the facts and circumstances, to decide as its reason and conscience dictate; it requires that the court be discreet, just, circumspect and impartial, and that it exercise cautious judgment. The term connotes the opposite of caprice and arbitrary action.

■ With these rules in mind we approach the situation before the District Court. This court has previously held that plaintiff had a valid patent; that defendant had infringed; that the circumstances of that infringement were such as to aggravate the tort, and that, as a result, plaintiff was entitled to recover treble damages as provided by statute. It is urged that plaintiff presented an unreasonable number of patents and claims in its original complaint, thus imposing unnecessary labor upon defendant's counsel; but

most of these were eliminated by the bill of particulars, and not an unprecedented number of patents, when we consider patent litigation in its general aspects, was involved in the trial. At any rate, we think that these facts were proper to be considered by the District Court and that refusal of the court to decide because of them justifies no finding of abuse of discretion. All but four claims of one patent were eventually eliminated but these were held valid and their infringement of such character as to make of defendant's tort an aggravated offense. The circumstances, up to the time of the disposition of the first appeal of this case, therefore, were not such as would justify us as a court of equity, in interfering with the exercise of discretion by the District Judge in denying counsel fees to a tort feasor.

A zealously contested question, presented by able counsel on both sides, is whether the action of plaintiff in bringing before the Master in the accounting, new machines manufactured by defendant which it alleged and which the court found likewise infringed the four claims previously sustained and the expensive accounting necessitated by such injection, required an allowance to defendant. Defendant points with emphasis to the fact that this court reversed a very substantial judgment granted plaintiff in the District Court in that regard. But, as we have suggested, plaintiff did contend before the Master and the District Court that these two machines infringed. The Master so found. The District Court agreed, and this court reversed because it held that the defense of estoppel of plaintiff to assert infringement was a complete answer to the charge. In view of the fact that both the Master and the court found infringement, we hardly believe the circumstance that plaintiff brought in to the case something which we later held could not be considered because of estoppel, is sufficient to impeach the good faith of plaintiff in prosecuting its accounting before the Master or that this circumstance was sufficient in itself to impose upon the District Court, in the exercise of its discretion, a duty to allow to defendant counsel fees and costs because of the injection of that additional feature into the accounting. There are assertions of unfair tactics upon the part of each of the litigants, and it may be true that the accounting could have been much more speedily and economically disposed of had a different method been employed to settle the question of infringement by the additional machines brought in, but, again, the procedure followed by the District Court was, we think, within its sound discretion. Undoubtedly defendant incurred tremendous expense in preparing its figures as to these additional machines and a great amount of time and money was expended over a period of five years in completing the entire accounting, and, in the end, defendant prevailed, as to these two machines. On the other hand, plaintiff prevailed upon its original judgment as to machines involved in the original trial. After review of the precedents and consideration of the facts, it is our conclusion that we are not justified, under the particular facts and circumstances of this case, in saying that the District Court, endowed with nine years' familiarity with the case, the evidence, the litigants and the witnesses, abused its discretion when it decided that neither party was entitled to recover attorneys' fees and costs.

Our decision as to the proper scope of our power of review in this respect is, we think, in line with those in other cases, including Burns v. U. S., 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Lackner v. Illinois Bell Telephone Co., 7 Cir., 111 F.2d 136; Newton v. Consolidated Gas Co., 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909; Official Aviation Guide Co. v. American Aviation Associates, 7 Cir., 162 F.2d 541; In re Seville Court Apartments Building Corporation, 7 Cir., 134 F.2d 232. We believe that to justify a finding of abuse of discretion it is necessary to show that the order complained of was based upon an erroneous conception of the law or was due to the caprice of the presiding judge or to action on his part arbitrary in character. We find no such circumstances here.

The judgment is affirmed.