## BRENNAN v. HAWLEY PRODUCTS CO.

### No. 47 C 821.

United States District Court
N. D. Illinois, E. D.
March 30, 1951.

Edwin S. Booth, Chicago, Ill. for plaintiff.

Spencer, Johnston, Cook & Root, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This matter is now before the Court on defendant's motion for the allowance of reasonable attorneys' fees. This is a patent case wherein plaintiff charged defendant with infringement. The cause was originally assigned to my calendar, but later assigned to Judge Shaw, who heard evidence on the single issue of laches, reserving other issues pending disposition of that issue. Judge Shaw found the issue of laches in defendant's favor. At that time, defendant requested allowance of attorneys' fees in the sum of $7,720, but was allowed only $1,000, which amount has been paid by plaintiff.

Judge Shaw's decision was affirmed by the Court of Appeals of this Circuit on June 7, 1950, 7 Cir., 182 F.2d 945, and certiorari was subsequently denied by the United States Supreme Court, 340 U.S. 865, 71 S.Ct. 89. Defendant now seeks allowance of fees incurred for services rendered in the Court of Appeals and the Supreme Court, $3,700 and $820 respectively.

▇ The Court derives its authority to allow attorneys' fees in patent cases from 35 U.S.C.A. § 70, which provides in part: "* * * The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case." Admittedly, fees should not be allowed as a matter of course in the ordinary patent case, but should be reserved for the situation where one party has been guilty of some inequitable or unconscionable conduct. In the instant case, the Court of Appeals stated at page 948 of 182 F.2d:

"In the case at bar the record shows not only a long delay on the part of the plaintiff in instituting litigation on his claims of infringement, but also such a change in the condition of the defendant that it would be inequitable to allow plaintiff to enforce his claim for infringement. Not only has the defendant expended large sums of money in the extension of its manufacturing facilities, but two of its most important witnesses have passed away.

"The plaintiff offers no legally adequate excuse for his inaction. * * *"

▇ In view of the foregoing, it would appear that the Court of Appeals was of the opinion that plaintiff's activities constituted inequitable conduct. Therefore, fees properly should be allowed in this case.

▇ It should be noted that recovery of fees is not limited to proceedings before the trial court, but may be awarded for services performed upon appeal. See Blanc v. Spartan Tool Co., 7 Cir., 178 F.2d 104; Jerome v. 20th Century-Fox Film Corp., 2 Cir., 165 F.2d 784; and Falkenberg v. Bernard Edward Co., 85 U.S.P.Q. 127. The Court is of the opinion, however, that the reasonable value of the legal services rendered upon appeal of the cause is $2,500 in the United States Court of Appeals for the Seventh Circuit and $500 in the United States Supreme Court.

Defendant's motion for the allowance of reasonable attorneys' fees is granted, and defendant is hereby awarded same in the sum of $3,000.