## TEXAS CO. v. GLOBE OIL & REFINING CO.

Civ. No. 3783.

United States District Court
N. D. Illinois, E. D.
June 30, 1953.

Haight, Goldstein & Haight, Chicago, Ill., for plaintiff.

Thiess, Olson & Mecklenburger, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

On May 18th last, I filed my opinion, 112 F.Supp. 455, in which I overruled all objections to the master's report (with certain minor exceptions), confirmed the report and ordered the cause dismissed at plaintiff's costs. Counsel have not been able to agree on the form of judgment and have submitted drafts with memoranda as to their views. I shall consider the issues so presented.

■ *First.* Should the judgment contain recitals of findings regarding ownership, validity and non-infringement of plaintiff's patent, as proposed in plaintiff's draft? It is my opinion that such findings are unnecessary and that at least one of them, e. g., finding validity of plaintiff's patent, may be improper. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263. The recitals in question should be omitted.

■ *Second.* Should defendant recover its general costs (as it contends) or should these costs be divided equally (as plaintiff contends)? The costs in question consist of master's fees, court reporter charges and printing bills, incurred in connection with the lengthy trial and the voluminous record. The grand total is $64,068.53; by agreement, each party during the pendency of the hearings advanced one-half, or $32,034.26, the advancements extending over a period of 4½ years. The assessment of costs was reserved for final determination by the court. Plaintiff charges that this court has determined that plaintiff's patent is not infringed, but has ruled with plaintiff on all other issues: validity over prior art; sufficiency of disclosure; aggregation; laches; intervening rights; disclaimer and abandonment; extension of monopoly; acquiescence in rejection of claims; and utility. Plaintiff concludes that the costs should be divided and that since the parties had already advanced their respective halves, that they should be left as they are, with no recovery of costs. Plaintiff cites Dixie Cup Co. v. Paper Container Mfg. Co., 7 Cir., 1948, 169 F.2d 645, 651 where the Appeals Court had indicated such a rule. Plaintiff points out that on remand there, the District Court allowed costs to neither party and this ruling was affirmed on appeal, 7 Cir., 1949, 174 F.2d 834, 837.

In the Dixie case, the plaintiff originally sued upon 14 patents with a total of 590 claims. 10 of the patents were withdrawn prior to trial, leaving 4 with 26 claims in suit. The District Court entered judgment for plaintiff on all 4 patents, holding 23 of the claims in suit valid and infringed. Upon appeal, the Court of Appeals for the Seventh Circuit affirmed in part and reversed in part. 2 of the plaintiff's patents, namely, Berbieri No. 1,610,192 and Holman No. 1,594,617, were held invalid; all of the claims of Amberg patent No. 2,203,513

were held not infringed; 2 of the claims of Smith & Bild patent No. 2,203,510 were held not infringed, and 4 of the claims of this patent were held infringed. 7 Cir., 130 F.2d 569. Thus, of the 23 claims which the District Court had found valid and infringed, only 4—and these all in one patent —were upheld by the Court of Appeals. The defendant in the Dixie case had obviously prevailed upon 3 of the patents in suit.

After an extensive accounting and a further appeal to the Court of Appeals, 169 F. 2d 645, the situation was further changed by a ruling of the Court of Appeals that plaintiff was estopped to assert infringement against, and therefore could not recover for, a modified machine sold by the defendant which had formed the basis of a large part of the controversy before the master. For all these reasons, the Court of Appeals said, 169 F.2d 651, that it disagreed with the premise that the plaintiff was the prevailing and the defendant the losing party; that while it was true that the plaintiff was a prevailing party, so was the defendant—"in fact, the defendant has prevailed on more of the litigated issues than the plaintiff." The court obviously recognized that the defendant had won on three of the patents which had been placed on trial by the plaintiff; that defendant lost on its Original Spiral machine as to plaintiff's fourth patent, but won a substantial victory in so far as alleged infringement by its Modified Spiral machine of this fourth patent was concerned. It was in such a situation that the Court of Appeals held, 174 F.2d 834, that the trial judge, on final remand, had not abused his discretion in deciding that neither party was entitled to recover either costs or attorney's fees.

Plaintiff, in my opinion, fails to distinguish between the situation in the Dixie case where the plaintiff although losing on some counts, prevailed on others, and the situation in the present case where there was only one count or cause of action—on which plaintiff lost, although overcoming some of defendant's defenses.

F.R.C.P. 54(d), 28 U.S.C.A., provides for the allowance of costs:

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *."

There is no "express provision" to the contrary either in a statute of the United States, or in the rules, and therefore the costs are to be allowed as of course to the prevailing party, unless the court otherwise decides. The master's report recommended a dismissal at plaintiff's costs; my opinion not only confirmed the report but expressly stated that the dismissal was to be at plaintiff's costs. Plaintiff's position at the strongest, is that I have discretion in the matter. Assuming this to be so, I find no showing on this record that would require a departure from the general rule. I adhere to the statement in my opinion that the dismissal should be at plaintiff's costs. The judgment, therefore, should contain a provision that the taxable costs which defendant shall recover from plaintiff shall include the sum of $32,034.26 heretofore deposited by defendant with the master on account of master's fees, court reporter charges and other expenses.

*Third.* Should defendant be awarded, as a part of its general costs, reasonable attorney's fees, as proposed in defendant's form of judgment? The former Patent Statute provided, Tit. 35 U.S. C.A. § 70: " * * * The court may in its discretion award reasonable attorneys fees to the prevailing party upon the entry of judgment on any patent case." * * * (as amended Aug. 1, 1946.) Defendant points out that the decision here is against plaintiff and that it, defendant, is therefore "the prevailing party". Plaintiff replies by repeating that while defendant has won on this one issue of infringement, that plaintiff won on all other issues: validity over prior art, etc., and that it is a sacrifice of substance to form to call defendant "the prevailing party".

The rule under the 1946 act was that attorney's fees should not be allowed as a matter of course but that there had to be some extraordinary showing to invoke the

court's discretion. Wilson v. Seng Co., 7 Cir., 1952, 194 F.2d 399, 403–404. Laufenberg, Inc. v. Goldblatt Bros., Inc., 7 Cir., 1951, 187 F.2d 823; Associated Plastic Companies, Inc. v. Gits Molding Corp., 182 F.2d 1000, 1005–1006. This rule was codified in the recent Patent Act of July 19, 1952 which states, Tit. 35 U.S.C.A. § 285: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." What is in the record here to warrant the invocation of the court's discretion; to constitute an exceptional case? True, the record here is voluminous but that alone could not justify attorney's fees to the victorious defendant, absent a showing of bad faith, unjust conduct or dilatory tactics. Not only is there no such showing but the record discloses that a substantial portion consists of the trial of issues presented by defendant and on which defendant lost. On one of these issues—the McPherson Kansas *inter partes* tests as a demonstration of the operability of the process of the Hall 1,175,910 patent—defendant although filing formal objection to the master's adverse finding—submitted no argument before me and I treated the objections as abandoned (see my previous opinion, [112 F.Supp. 489]).

But defendant argues that it should be awarded reasonable attorney's fees because plaintiff had already litigated in the courts of the Tenth Circuit the charge of infringement of the same patent, Texas Co. v. Anderson-Prichard Refining Corp., D.C., 32 F.Supp. 347, affirmed, 10 Cir., 1941, 122 F.2d 829, and that plaintiff's case on the issue of infringement was so clearly without merit as to make the second (the present) law suit unwarranted. The Court of Appeals of the 4th Circuit has considered a similar question, and decided it adversely to defendant. In Phillips Petroleum Co. v. Esso Standard Oil Co., D.C., 91 F.Supp. 215, affirmed, 4 Cir., 185 F.2d 672, there was a duplicative suit, an application for attorney's fees by the victorious defendant (the attorneys here for defendant were attorneys for defendant there) and the application was denied, which was affirmed on appeal. The trial judge, it is true, qualified his holding by adding:

"except, of course, in a very extreme or aggravated situation involving more oppressive or vexatious conduct on the part of a patentee than is found in the present case."

Defendant cites Blanc v. Spartan Tool Co., 168 F.2d 296, where the plaintiff patent owner brought suit in the Seventh Circuit and relitigated his patents, after he had unsuccessfully prosecuted similar charges of infringement upon the same patents in other circuits. He was again unsuccessful and the trial court awarded counsel fees to the defendant. The Court of Appeals affirmed on the ground that it was a question of the trial court's discretion and there was no clear abuse of that discretion. See also second appeal, 7 Cir., 178 F.2d 104, 105. Defendant also cites Falkenberg v. Bernard Edward Company, 85 U.S.P.Q. 127 and Brennan v. Hawley Products Co., D.C., 98 F.Supp. 369 where attorney's fees were allowed defendants because of the inequitable conduct of the respective plaintiffs.

The matter is one of the trial court's discretion; for a definition of that discretion see Dixie Cup v. Paper Container Mfg. Co., 174 F.2d 834, page 836 wherein Judge Lindley says:

"(1) Judicial discretion, as we understand it, is impartial reasoning, guided and controlled in its exercise by fixed legal principles, requiring the court, in consideration of the facts and circumstances, to decide as its reason and conscience dictate; it requires that the court be discreet, just, circumspect and impartial, and that it exercise cautious judgment. The term connotes the opposite of caprice and arbitrary action."

In my opinion, on the record here, that discretion should be exercised by not allowing attorney's fees.

I have revised the draft judgment submitted by defendant to specify in dollars and cents the amount the defendant is to recover for its deposit on account of master's fees, court reporter charges, etc., and to delete a recovery for attorney's fees. Concurrently with the filing of this Memorandum, the judgment, so revised, has been entered.