Donald J. BAUER and The Cover Board, Inc., Plaintiffs,

v.

YETTER MANUFACTURING CO., Inc., Defendant.

Civ. A. Nos. P-2201, P-2238.

United States District Court
S. D. Illinois, N. D.
June 4, 1962.

Miller, Westervelt & Johnson, Peoria, Ill., Toulmin & Toulmin, Dayton, Ohio, for plaintiffs.

Dawson, Tilton, Fallon & Lungnus, Chicago, Ill., Galbraith & Baymiller, Peoria, Ill., for defendant.

MERCER, Chief Judge.

No. P–2201

Plaintiffs, Donald J. Bauer and The Cover Board, Inc., filed this action for an injunction and damages for alleged infringement of United States Patent to Bauer No. 2,733,647. Defenses of invalidity, non-infringement and file-wrapper estoppel are pleaded by the defendant. After a trial of the suit, the issues were taken for decision upon the evidence and the exhaustive briefs filed by the respective parties.

The patent in suit relates to a blade jointer designed for mounting upon the moldboard of a plow. The patent contains a single claim addressed to that subject. The evidence reveals that plaintiff, Cover Board, manufactures and markets a commercial jointer device under the trade-name "Cover Board". The accused device is a blade plow jointer manufactured and marketed by defendant under the trade-name "Yetter Trashboard".

As a preface to the entry of findings of fact, I think that the decisive issue of the case is the question of infringement. Plaintiff's theory is most accurately summarized as the contention that defendant's accused device is substantially equivalent in its structure and function to the commercial coverboard, that the commercial coverboard device is a substantial embodiment of the invention described in the patent claim and that, therefore, the patent claim reads upon the alleged infringing device.

Defendant's position in defense is two-fold. First, defendant invokes the principle that the monopoly of a patent must be measured by the claims thereof, contending that the claim of the patent in suit does not read on the structure of defendant's trashboard. Second, defendant contends that plaintiffs are estopped by the file-wrapper from invoking the doctrine of equivalents to show in-

906

fringement of the claim by defendant's trashboard.

■ Invoking the fundamental principle that the claims of a patent measure the scope of the monopoly, Graver Tank & Mfg. Co. v. Linde Air Products Co., 336 U.S. 271, 277, 69 S.Ct. 535, 93 L.Ed. 672, and the equally fundamental principle that limitations introduced into a patent claim to secure its allowance are binding upon the patentee and may not later be ignored in attempting to establish an infringement, Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 136–137, 62 S.Ct. 513, 86 L.Ed. 736; Dixie Cup Co. v. Paper Container Mfg. Co., 7 Cir., 169 F.2d 645, 649, I think that defendant's position with respect to the issue of infringement is sound.

Bauer's patent application, filed June 5, 1953, contained eight claims. Claim 5, thereof as subsequently modified and rewritten by several amendments to the application became the claim of the patent in suit.

Original claim 5 was broad enough to read upon any curved blade jointer. Thus, Bauer claimed:

"5. An attachment for a plow for promoting complete coverage of stubble of previous crops, the attachment comprising a curved blade, a first end section of which is positionable immediately above and coplanar with the upper forward part of the moldboard of the plow and the remainder of the blade curving across the furrow being plowed on a level with the top of the moldboard, said blade being adjusted to divert a portion of the ground being turned to a path leading across the main portion of the turning ground and generally into the far side of the furrow being filled, said diverted portion serving to drive stubble and old crop stalks to the bottom of the furrow being filled."

The claim was rejected by the Examiner, the Examiner saying:

"Claims 3, 4 and 5 are rejected as unpatentable over Lowden, or Lowden in view of the twisted strips forming the jointers or deflectors shown in each of the references to McAvry, Edwards and Machia. The dimensions of the attachment relative to the moldboard and width of furrow are matters of mechanical design and experimentation to which no patentable significance is attached. Casaday is also of interest, while Hayes shows a combination of plow and rotary coulter not claimed."

By a subsequent amendment, claim 5, together with two other claims, was again presented to the Examiner for allowance. In support of the allowance of those claims, Bauer represented to the Patent Office:

"A further structural feature which is essential and important is the *twisting* curvature of the deflector blade structure, and whereby the blade when mounted on the moldboard twists outwardly and forwardly of the moldboard. This twisted or slightly spiral end portion of the blade functions to flip the material deflected by the blade forward and downward into the opening (sic) furrow just ahead of the turning therein by the moldboard tailpiece of the soil into the furrow. In this manner the stubble and like material on the top of the soil is effectively covered during operation of the jointer equipped plow. Insofar as the prior art discloses, it is not seen wherein such a plow jointer is anticipated.

\*　\*　\*　\*　\*　\*

"Referring to the prior art, it is not seen wherein the disclosures in the prior art anticipate applicant's simplified jointer attachment, and which is provided with the outwardly curved and twisted structure. This important structural feature is now set forth in each of the Claims 3, 5 and 11 as herein retained. Further, the claims call for a jointer which forms a continuation of the cutting edge of the plow moldboard and which is adapted to be mount-

ed by bracket means attached to the back of the blade directly to the moldboard and at the upper edge thereof so that the bottom or lower edge of the deflector blade abuts against the top edge of the moldboard and thus forms a continuation of the moldboard as well as a continuation of the cutting edge thereof. Such a structure is not seen to be anticipated by the jointer attachment of the prior art and it is, therefore, believed that these claims are clearly allowable to applicant."

Again, the claim was disallowed by the Examiner, the Examiner saying:

"Claims 3, 5 and 11 are rejected as not patentable over the patent to Lowden, of record, in view of the above cited patents to Carpenter and Armstrong. The patent to Lowden shows a plow moldboard 11 at the top of which is mounted a jointer 17 by means of adjustable links 14 and 15. The jointer is of substantially the proportions and size of applicant's jointer. The patent to Armstrong shows the attachment of the moldboard flush with the plow joint by a 'bolt-clip' 23 and a coupling-plate 24. The patent to. Carpenter shows the attachment of the moldboard B to the share E by means of a plate C attached to the rear and with the leading edges of the moldboard and share forming a continuous line edge. It would not amount to invention to attach the jointer of Lowden so that the leading edges of the jointer and moldboard form a continuous smooth curve, omitting the bend of the corner 5 of the jointer of Lowden, and substituting the brackets 23, 24 of Armstrong or C of Carpenter for the attaching brackets 14 and 15 of Lowden."

Thereafter, on July 20, 1955, all remaining claims were withdrawn with the exception of claim 5, and that claim was amended in several particulars, including the insertion of a limitation that the blade was "twisted at its outer trailing tip end." In urging the claim upon the Examiner for allowance Bauer represented:

"* * * Claim 5 as now amended calls for a blade attachment which has a twisted outer trailing tip end to direct the earth being thrown by it downwardly and into the furrow. This important structural feature of applicant's attachment provides an improved moldboard which functions to flip the stubble and old cornstalks directly to the bottom of the furrow while the same is being filled over so that the ends of the stalks do not tend to protrude above the plowed furrow as with the conventional moldboards. and attachments heretofore used.

"Claim 5, previously rejected as unpatentable over Lowden in view of the newly cited patents to Carpenter and Armstrong is believed to be overcome by the present amendment. This follows inasmuch as the patent to Lowden shows a plow joiner (sic) which does not provide a moldboard attachment having an end portion which is coplanar with the forward part of the moldboard and a curved blade extending outwardly therefrom on a level with the top of the moldboard, and wherein the blade is *twisted* at its outer trailing tip end, which functions to throw the stubble and stalk material to the bottom of the furrow as the same is being filled. This as pointed out above, prevents the ends of the stalks and stubble from remaining upright and to protrude above the plowed furrow. Utilizing applicant's moldboard attachment a clean covering of the stalks and stubble is effected by the improved structure of the attachment."

On July 22, 1955, claim 5, as then amended, was again rejected by the Examiner, the Examiner saying:

"Claim 5, as now amended, is rejected as not patentable over the patent to Lowden in view of the patents to Armstrong, Carpenter and Machia, all of record. The pat-

ent to Lowden shows a plow mold-
board 11 with a jointer mounted at
the top of it by means of adjustable
links 14 and 15. The jointer is of
approximately the size and propor-
tions of applicant's jointer. The
patent to Armstrong shows the at-
tachment of the moldboard flush
with the plow point by a 'bolt-clip'
23 and a coupling plate 24. The pat-
ent to Carpenter shows the attach-
ment of the moldboard B to share E
by means of a plate C attached to
the rear side and with the leading
edges of the moldboard and share
forming a continous edge. The pat-
ent to Machia teaches the twisting
of the end of the jointer blade. It
would not amount to invention to
provide such a twist if desired in
the Lowden blade 17. Nor would it
require invention to attach the joint-
er of Lowden so that the leading
edges of the jointer and moldboard
form a continuous smooth curve,
omitting the bend of the corner 5 of
the Lowden jointer and substituting
the brackets 23, 24 of Armstrong or
C of Carpenter for the brackets 15
and 14 of Lowden. This rejection
is now made final."

Thereafter, on September 21, 1955, an
amendment to the application was filed in

which claim 5 was rewritten as claim 12
of the application.[1] As rewritten, that
claim was subsequently allowed and be-
came the single claim of the patent in
suit. The claim was in the following
language, the emphasized language being
then added to the claim:

"A jointer attachment for a plow
moldboard for promoting complete
coverage of stubble of previous
crops, the attachment comprising a
curved blade having a first end
straight section, said first end sec-
tion being positionable immediately
above and co-planar with the upper
forward part of the moldboard of
the plow and the remainder of the
blade curving across the furrow be-
ing plowed on a level with the top
of the moldboard, *the trailing end of
said blade being at substantially
right angles to the furrow being
plowed and horizontal to the ground,*
said blade being twisted at its out-
er trailing tip end to divert a por-
tion of the ground being turned to
a path leading across the main por-
tion of the turning ground and gen-
erally downwardly into the far side
of the furrow being filled, said
twisted tip end serving to divert
stubble and old crop stalks to the
bottom of the furrow being filled."

1. Claim 5 of the patent showing, in per-
spective, the original claim and subse-
quent amendments thereof, is herein set
forth. Material from the original claim
which was deleted in processing the ap-
plication is enclosed in parenthesis; ma-
terial which was added to claim 5, prior
to the rewriting of that claim as claim
12, is italicized; material which was added
when claim 5 was rewritten as claim 12
is set forth in capital letters; and ma-
terial which was added by amendments to
claim 5, and which was deleted in rewrit-
ing that claim as claim 12, is enclosed by
brackets and italicized.
"5. (An) *A jointer* attachment for a
plow *moldboard* for promoting complete
coverage of stubble of previous crops,
the attachment comprising a curved blade,
(a) *having a first end straight section,
said* first end section (of which is) *be-
ing* positionable immediately above and

co-planar with the upper forward part of
the moldboard of the plow and the re-
mainder of the blade curving across the
furrow being plowed on a level with the
top of the moldboard, THE TRAILING
END OF SAID BLADE BEING AT
SUBSTANTIALLY RIGHT ANGLES
TO THE FURROW BEING PLOWED
AND HORIZONTAL TO THE
GROUND, said blade being (adjusted)
*twisted at its outer trailing tip end* to di-
vert a portion of the ground being turned
to a path leading across the main portion
of the turning ground and generally *down-
wardly* into the far side of the furrow be-
ing filled, said (diverted portion) *twisted
tip end* serving to (drive) *divert* stubble
and old crop stalks to the bottom of the
furrow being filed, [*a bracket secured to
the rear face of said blade, and means
fastening said bracket to the rear face
of the plowshare.*]"

In support of the allowance of application claim 12, Bauer represented to the Patent Office:

"The various prior art references show different forms of plow attachments employed for different purposes. Lowden discloses a jointer for a plow which is mounted atop a moldboard and has the trailing end extending over the furrow being plowed. However, there is no showing whatsoever in Lowden of twisting the trailing end of the moldboard (sic) as disclosed by applicant.

"Machia discloses a colter which is attached to the foot piece of a moldboard plow and extends vertically upward and bent into virtually a "U" shaped curve. He further states that a slight forward twist is given to the end of the blade. An examination of the drawings of this reference together with the description of the twist, as given in the specification, indicates that the entire blade is twisted forwardly. In applicant's blade, however, the blade is helically twisted along its longitudinal center axis. Consequently, there is no teaching in the Machia reference of helically twisting a plow jointer device in order to divert the plowed soil downwardly into the furrow which is being plowed. In fact, the colter of Machia is specifically stated to be useful in preventing the accumulation of soil upon the moldboard and to break up any clods turned up by the plow.

"Even positioning the colter of Machia in a horizontal plane, it can be seen that the twisted portion would direct the plowed dirt upwardly above the trailing end thereof. Therefore, while Machia generally discloses that the tip of his colter is forwardly twisted, there is no teaching therein of twisting of a jointer device in such a manner so as to direct plowed dirt downwardly into the furrow which is being plowed.

"By twisting a cover board in the manner disclosed in this specification and recited in Claim 12, the plowed dirt which rises to the upper edge of the moldboard is diverted downwardly into the furrow which is being plowed. This function could not be accomplished with any of the prior art references as cited in this case.

"Applicant has accordingly rewritten Claim 5 in order to specifically describe the structure of his jointer attachment. It was indicated at the interview that Claim 12 would now be allowable."

It is thus seen that Bauer originally processed his application with broad claims which would cover any curved, blade jointer positionably mountable upon the top of the moldboard of a plow. In order to secure the allowance of the claim and to overcome the teachings of the prior art, Bauer inserted the limitation that the jointer blade be "twisted at its outer trailing tip end" and the further limitation that, when mounted upon the moldboard of a plow, "the trailing end of said blade" would be "at substantially right angles to the furrow being plowed and horizontal to the ground." Bauer having thus limited the invention claimed, plaintiffs cannot now claim equivalence of every twisted blade jointer designed for moldboard mounting, irrespective of the position of the trailing end of the jointer when mounted in operable position and irrespective of the position of the twist with relation to longitudinal placement. It is clear that that is precisely what the plaintiffs attempt to do as evidenced by plaintiffs' position, stated in their brief, that introduction of the concept of twist itself into a blade jointer is invention. Although not specifically so articulated, plaintiffs would read the patent claim as reading upon any blade jointer which employs the concept of twist, irrespective of the degree and location of the twist with reference to the longitudinal structure of the device.

That position is an unwarranted attempt to disinter the broad language of original claim 5 which would, without question, read upon the trashboard device. That position is untenable simply because it ignores the limitations which Bauer himself wrote into his patent claim in order to secure its allowance.

With those preliminary remarks in explanation thereof, the court finds the facts as hereinafter stated.

### Findings of Fact

1. The court has jurisdiction of the parties and the subject matter of this suit.

2. Plaintiff Donald J. Bauer, a citizen and resident of the State of Ohio, is the patentee in the patent in suit, United States Patent No. 2,733,647.

Plaintiff the Cover Board, Inc., is an Ohio corporation and the exclusive licensee of the Bauer Patent.

3. Defendant, Yetter Manufacturing Company, Inc., an Illinois corporation with its principal place of business at Colchester, McDonough County, Illinois, is engaged in the business of manufacturing agricultural implements and equipment.

4. The patent in suit relates to a plow jointer, a device which is designed to effect substantial coverage of vegetable growth standing and being upon land being plowed. The jointer device of the patent is in the form of a curved blade designed to be mounted upon the top edge of a conventional plow moldboard. The specifications of the patent describe the blade as follows:

"The blade consists of a strip of curved and slightly twisted material mounted immediately above the moldboard of a plow with a first portion co-planar with and immediately above the front or upper leading corner of the moldboard. The trailing end of the blade curves forward on the top edge of the moldboard and extends in a generally horizontal direction across the ground being turned with the end of the strip directed transversely of the furrow. The strip is of such a length that it extends nearly all the way across the furrow being turned but not over the furrow being filled. Rather the ground which is thrown as a screen by the blade extends across into the furrow being filled so as to supply the force to drive the stalks, stems, stubble, and other trash down into the furrow to be covered."

In operation, the blade is designed to shear off the landward side of the furrow slice being turned and to divert the sheared portion thus removed therefrom laterally across the furrow slice into the furrow being filled by the plowing operation.

The invention is claimed in a single claim, in language as hereinabove set forth.

5. Plaintiff, Cover Board, manufactures a plow jointer which it markets under the trade-name "Cover Board". The device consists of a blade which is designed to be mounted atop the moldboard of a plow, with the front edge thereof co-planar with the leading edge of the plow moldboard. When so mounted, the front end straight section of the blade rests upon the top of the moldboard for a space of several inches. The trailing part of the blade curves laterally from the plane of the face of the moldboard across the furrow being plowed, the degree of curvature becoming most pronounced slightly forward of the trailing tip end. In addition to the curvature of the blade, the top of the rear portion of the commercial cover board is disposed forwardly and downwardly by reason of the fact that the blade is helically twisted along its longitudinal center axis, the twist being imparted to approximately the rear two-thirds of its length. When mounted for operation, the trailing end of the commercial cover board is disposed at an angle of approximately 100 to 110 degrees to the furrow being turned and substantially horizontal to the plane of the ground being turned. In development of the commercial cover coard, the curvature of pilot models

based upon the patent has been lessened and the degree and position of the twist of the blade has been changed from time to time to obtain optimum results.

6. The accused device is a blade jointer attachment which defendant markets under the trade-name "Yetter Trashboard." The physical dimensions of the Trashboard are approximately the same as those of the commercial cover board. The degree of curvature of the trashboard is slightly less than that of the commercial cover board, and the top of the rear portion of the device is forwardly and downwardly disposed by the employment of helical twisting of the blade along its longitudinal center axis, the twist being imparted to approximately the rear half of the blade. The trashboard is designed for mounting atop the moldboard of a plow with the leading edge of the blade co-planar with the leading edge of the moldboard. In operation, the trailing tip end of the trashboard is disposed at an angle of approximately 110–120 degrees to the furrow being turned and approximately 15 to 20 degrees above a position horizontal to the plane of the ground.

7. Other manufacturers produce and market blade jointers substantially similar to both the trashboard and the commercial cover board.

8. Defendant's officers and employees brought samples of the commercial cover board and other similar devices which they studied in effecting their design for the trashboard.

9. The trashboard is substantially the equivalent of the commercial cover board, but the question of infringement cannot rest upon a comparison of the physical characteristics of the two devices.

10. When the scope of the monopoly is measured by the claim of the patent, in view of the file-wrapper history of the application, the claim of the patent reads upon neither the commercial cover board nor the accused trashboard. The monopoly is limited to a jointer device designed for positionable mounting atop the moldboard of a plow in which a forward and downward disposition is achieved by imparting twist to the "outer trailing tip end" of the blade, with the trailing end of the blade being at substantially right angles to the furrow being plowed and horizontal to the plane of the ground. Neither the commercial cover board nor the trashboard embodies each of those essential features.

11. In view of the file-wrapper history of the application, I reject plaintiff's position that the teaching of the concept of twist in a jointer is the inventive feature of the patent, and I refuse to so find. The monopoly of the patent with relationship to use of helical twist of the blade is restricted to twist imparted to the trailing tip end. Bauer adopted the restrictive clause "said blade being twisted at its *outer trailing tip end*" in order to obtain the allowance of his claim over the prior art. The descriptive term "outer trailing tip end" has a commonly understood meaning denoting the rear extremity of an elongated object or device. So restricted, the claim does not read upon the trashboard which is twisted beginning approximately at the center of its longitudinal dimension. By the same token, the claim does not read upon the commercial cover board which employs twist along approximately the rear two-thirds of its longitudinal axis.

12. The accused device does not infringe the claim of the patent in suit.

13. It is unnecessary to reach the question of validity of the patent in suit and no opinion thereon is herein expressed. If we presume the patent to be valid, it is not infringed by defendant.

14. None of the evidence supports the allegations of the complaint alleging unfair competition.

15. The equities of the case do not support defendant's prayer for the allowance of attorneys' fees.

*Conclusions of Law*

1. The court has jurisdiction of the subject matter, 28 U.S.C. § 1338, and of the parties to this suit.

2. The scope of the monopoly of a patent must be measured by the claims thereof. Graver Tank & Mfg. Co. v. Linde Air Products Co., 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672.

■ 3. A patentee may not have recourse to the doctrine of equivalents to claim a monopoly of an element or concept which the patentee has surrendered by limitations introduced into his claim by amendment in order to obtain its allowance. Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 136, 62 S.Ct. 513, 86 L.Ed. 736.

4. To obtain the allowance of the patent in suit plaintiff, Bauer, by several amendments to his application, limited his claim to the specific structure described in the claim of the patent. Limitations engrafted upon the broad language of the original claim 5 included the concept to fixing the twist of the device at the outer trailing tip end thereof and the mounting of the device in such fashion that the trailing tip end would be disposed approximately at right angles to the furrow being turned and horizontal to the plane of the ground. By so doing, Bauer disclaimed the monopoly on devices embodied in the concept of the trashboard and, also, incidentally in the commercial cover board. Exhibit Supply Co. v. Ace Patents Corp., supra; Dixie Cup Co. v. Paper Container Mfg. Co., 7 Cir., 169 F.2d 645, 649. The disclaimer must be strictly construed against the plaintiffs. Dixie Cup Co. v. Paper Container Mfg. Co., supra.

■ 5. To prove infringement it is not enough for plaintiffs to show that the trashboard device is a substantial equivalent of the commercial cover board. The proof required is proof that the claim of the patent reads upon the accused device. Plaintiffs have not sustained that burden of proof and have failed to prove their charge of infringement.

■ 6. Defendant is entitled to judgment dismissing plaintiffs' complaint and for its costs of suit. Plaintiffs are entitled to judgment against defendant upon defendant's prayer for the allowance of attorneys' fees.

### Case No. P–2288

This is a companion case to No. P–2201, involving the same parties plaintiff and defendant. The cases were consolidated for trial.

Plaintiffs prosecuted this suit for an injunction and damages for the alleged infringement by defendant of United States Patent to plaintiff, Bauer, No. 2,-829,580. Defendant filed its answer and counterclaim praying that the complaint be dismissed at plaintiff's cost, that a declaratory judgment be entered declaring the patent invalid and not infringed and awarding to defendant reasonable attorney's fees.

The patent in suit relates to a bracket arrangement for the securing of a moldboard-mounted, blade jointer to a plow. More specifically, the patent claims invention in a combination composed of a plow, a moldboard-mounted, blade jointer and bracket means for adjustably mounting the jointer upon the plow. The patent consists of five claims, of which claims 1 and 5 are set forth as representative of all, to-wit:

"1. An agricultural machine comprising a plow beam, a plow attached to said plow beam, a first bracket attached to said plow, a second bracket attached to said first bracket, a jointer device attached to said second bracket, an angle supporting bracket having one face adjustably attached to said second bracket, the other face of said supporting bracket having an edge inclined to said one face toward the front of said plow, and said inclined edge being engageable with said plow beam."

"5. In an agricultural machine having a depending plow beam, a plow attached thereto, a first angle bracket having one face attached to the rear face of said plow and the other face being substantially horizontal, a second angle bracket having one face adjustably secured to the horizontal face of said first angle

bracket, the other face of said second angle bracket being substantially vertical, a jointer device adjustably secured to the front vertical face of said second bracket, an angle supporting bracket having a slot in one face thereof, means extending through said slot to adjustably secure said supporting bracket to said second bracket means, the other face of said supporting bracket having its outer edge inclined toward said one face and toward the cutting edge of said plow, said inclined edge being engageable with said plow beam."

In this case, as in Number 2201, I think the question of infringement is decisive, and that it is not necessary to consider the question of validity of the patent.

An essential element of the Bauer combination is a wedge-shaped brace, designed for adjustable mounting against a plow beam to flexibly support the bracket and jointer assembly described in the patent. This supporting wedge is comprised of a horizontal face, embracing a longitudinally extending slot for adjustably securing the wedge by means of a bolt, and a horizontal face having an inclined edge for adjustable mounting against a plow beam. Use of the wedge is explained by the specifications and shown by the drawings as insertable from the rear toward the front of the plow, while each claim of the patent specifies that the wedge-shaped face of the brace, as mounted against a plow beam, is inclined "toward the front of" or "toward the cutting edge of" the plow upon which the device is mounted.

Defendant's bracket does not employ the element of a wedge-shaped brace at all. The accused bracket employs a rectangular plate which is transversely slotted to be adjustably secured to the top of the bracket means to support the bracket-jointer combination by abutting against the beam or other convenient area of a plow structure. Although not decisive, the Patent Office granted a patent to defendant's president, H. G. Yetter, upon the accused device over the

citation of the patent in suit as one of the prior art references.

Plaintiffs have not proved that the accused bracket infringes the Bauer patent, since it is clear beyond cavil that an essential element of the plaintiffs' bracket is not employed in the accused device. C. f., Fuller v. Yentzer, 94 U.S. 288, 296, 24 L.Ed. 103.

This brief memorandum embodies the court's findings of fact.

Judgment is ordered for defendant against plaintiffs dismissing the complaint, plaintiffs to pay the costs of suit. Defendants' counterclaim for attorney's fees is dismissed.